PATRICIA WEAVER LAWSON v. VICKIE PAULETTE WALKER AND
ROGER DALE WALKER

No. 7429SC464

(Filed 3 July 1974)

**Automobiles § 72—fall of baby from car seat — sudden emergency — instructions**

In an action to recover for personal injuries sustained by plaintiff in an automobile accident, the trial court erred in its instructions by intimating that the fall of defendants' baby from the seat of the car caused a sudden emergency and that said emergency was not brought on by the negligence of the defendants.

APPEAL by plaintiff from *Webb, Special Judge,* at the 14 January 1974 Session of RUTHERFORD Superior Court.

Heard in the Court of Appeals 13 June 1974.

This is an action for damages for personal injuries sustained in an automobile accident allegedly caused by the negligence of defendants. The plaintiff, Patricia Weaver Lawson, was operating her automobile on Seitz Drive just outside Forest City, North Carolina, on 25 February 1972. She was traveling at approximately 20-25 miles per hour. As she came down a hill, she met an automobile operated by defendant Vickie Paulette Walker and owned by defendant Roger Dale Walker. The defendants' automobile swerved across the center line and collided with plaintiff's car causing the injuries complained of. The defendant testified that her fourteen-month-old baby fell from the car seat to the floor and that when she reached to grab her baby the automobile veered to the left and collided with plaintiff's automobile. From a jury verdict in favor of defendant, plaintiff appealed.

*Hamrick and Hamrick by J. Nat Hamrick for plaintiff appellant.*

*Hamrick & Bowen by James M. Bowen for defendant appellees.*

CAMPBELL, Judge.

The plaintiff assigns as error the following portion of the charge by the trial court:

"Now, in this case, the defendant contends that she was confronted with a sudden emergency. Now, I instruct

you that if a person through no negligence on her part is suddenly or unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to herself danger, to herself or to others is not required to use the same judgment that is required when there is more time to decide what to do. Her duty is to exercise only that care which a reasonably, careful and prudent person would exercise in the same situation. If at that moment her course and manner of action might have been followed by such a person under the same conditions, that she does all the law requires of her. Although in the light of after events it appears that some different action would have been better and safer. So the plaintiff's contention in this case which the defendant denies is that even though she might have not kept which would be ordinarily a reasonable lookout or kept her car under proper control or done her best to keep her car on the right-hand side of the road that she was confronted with sudden emergency and that her infant son caused some disturbance in the car. You will recall exactly the details of it, and that was sudden emergency. So that she could not be held quite as high a standard so far as staying on the right-hand side of the road and keeping her car under control or keeping a proper lookout. But I do want to instruct you there's no change in the law of negligence. The law as far as negligence is concerned says that a person is negligent if they do something that a reasonably, careful and prudent person would not have done or failed to do something which a reasonably, careful and prudent person would have done. And the 'Sudden Emergency Doctrine' just means what a reasonably, careful and prudent person would have done when confronted with a sudden emergency, as the defendant contends she was in this case. So I instruct you if you are satisfied by the greater weight of the evidence that the defendant was confronted with a sudden emergency, then, you would consider that as to whether she conducted herself as a reasonably, careful and prudent person would have done."

The plaintiff contends that under Rule 51 of North Carolina Rules of Civil Procedure the above charge is generally an insufficient explanation of the doctrine of sudden emergency and particularly an insufficient explanation of the requirement that defendant must not cause the alleged emergency by his own negligence. Rule 51 requires that the trial court in its charge

explain the law as it applies to the evidence of the case. The source or cause of the alleged sudden emergency is a vital issue in any consideration of the doctrine of sudden emergency. The trial court made only one reference, and that reference was parenthetical, to the requirement that the defendant, to be able to take advantage of the sudden emergency doctrine, must not bring on the emergency by his own negligence. The clear inference from the charge is that the trial court felt that the fall of the baby did in fact cause a sudden emergency and that said emergency was not brought on by the negligence of the defendants. It is the duty of the trial court in a case allegedly involving a sudden emergency to not only instruct that a lesser standard of care is applied in an emergency situation, but also the trial court must instruct that the jury must find that in fact a sudden emergency did exist and that the jury must further find that the emergency was in fact not brought on by the negligence of the defendants. The charge by the trial court was insufficient and we grant a new trial. *Rodgers v. Thompson,* 256 N.C. 265, 123 S.E. 2d 785 (1962). See also *Forga v. West,* 260 N.C. 182, 132 S.E. 2d 357 (1963); *Johnson v. Simmons,* 10 N.C. App. 113, 177 S.E. 2d 721 (1970); *cert. denied,* 277 N.C. 726, 178 S.E. 2d 832 (1971); *Hoke v. Greyhound Corp.,* 227 N.C. 412, 42 S.E. 2d 593 (1947); Annotation, "Instructions On Sudden Emergency In Motor Vehicle Cases", 80 A.L.R. 2d 5 (1961).

New trial.

Chief Judge BROCK and Judge HEDRICK concur.