State v. Brown

STATE OF NORTH CAROLINA v. BOBBY GENE BROWN

No. 785SC314

(Filed 5 September 1978)

1. **Automobiles § 46— opinion testimony as to speed—opportunity for observation**

     In this prosecution for involuntary manslaughter and driving under the influence, a witness had an adequate opportunity to observe defendant's automobile in travel so that he was competent to testify that the automobile was "going fast" immediately prior to the accident where the witness testified that he was in an upstairs apartment on a corner of the intersection where the accident occurred; he heard the loud sound of a car coming down the street toward the intersection and immediately went to a window and observed defendant's car coming toward the intersection; and he watched as defendant attempted to turn at the intersection and drove his automobile into a yard where two children were playing. The witness's admission that he had never driven an automobile did not bear on the competency of his testimony but only on its probative force.

2. **Automobiles § 46— opinion that defendant exceeded speed limit—knowledge of speed limit**

     There was sufficient evidence that a witness knew the speed limit in the area in question to permit him to testify that defendant's automobile was traveling in excess of the speed limit where an officer had previously testified that the posted speed limit in the area was 35 mph, and the witness testified on cross-examination that he thought the speed limit in the area was 35 mph.

3. **Homicide § 27.2— involuntary manslaughter—exceeding speed limit—sufficient evidence to support instruction**

     A witness's testimony that defendant was traveling at an excessive rate of speed was sufficient to support the court's instruction that the jury should find defendant guilty of involuntary manslaughter if, among other things, it found he "intentionally or recklessly violated the law by . . . operating a vehicle in excess of the speed limit."

APPEAL by defendant from *Webb, Judge.* Judgment entered 7 October 1977 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 21 August 1978.

Defendant was charged with involuntary manslaughter and operating a motor vehicle while under the influence of an intoxicating beverage. The defendant pled not guilty to each charge, and the State presented evidence tending to show the following:

At about 6:40 p.m. on 28 May 1977 the defendant was travelling at a fast rate of speed in a southerly direction on 8th Street

in Wilmington, North Carolina. When he reached the intersection at Meares Street the defendant attempted to turn left, hit the southeast curb, continued across Meares Street and jumped the north curb, hitting two children who were playing in the yard. Phillip Devone was injured and Richard Nixon was killed in the accident. Later the defendant submitted to a breathalyzer test and was determined to have a .16 percent blood alcohol content.

The defendant presented evidence tending to show that the accident was the result of faulty brakes.

The jury found the defendant guilty of both offenses. Pursuant to the defendant's motion the trial court arrested judgment in the case in which defendant was found guilty of driving under the influence of an intoxicating beverage. From a judgment imposing a 5 year prison sentence for his conviction of involuntary manslaughter, the defendant appealed.

*Attorney General Edmisten, by Associate Attorney Thomas H. Davis, Jr., for the State.*

*Ernest B. Fullwood for the defendant appellant.*

HEDRICK, Judge.

[1] The defendant's two assignments of error focus on the trial court's admission of testimony regarding the speed at which he was driving at the time of the accident, and the court's instruction thereon. The defendant recognizes the general rule that a " 'person of ordinary intelligence, who has had an opportunity for observation, is competent to testify as to the rate of speed' of a motor vehicle." 1 Stansbury's N.C. Evidence § 131, at 420 (Brandis rev. 1973) and cases cited thereunder. He argues that the witness, Alphonso Braggs, did not have sufficient opportunity to observe the defendant's moving vehicle and ascertain its speed at the time of the accident.

Braggs first testified that he was in his upstairs apartment at the northeast corner of 8th and Meares Streets when he heard "the loud sound of a car coming down going south on 8th Street"; that he immediately went to his window facing south and observed the defendant's car heading south on 8th Street; that he watched as the defendant turned east on Meares Street, drove onto the sidewalk on the southeast corner of the intersection, and

then crossed Meares Street and came to rest in the yard where the children had been playing. The district attorney then asked the witness what he had noticed about the defendant's automobile when he first observed it, and Braggs replied that "[i]t was going fast." The defendant's objection and motion to strike this testimony was overruled.

In our opinion Braggs had an adequate opportunity to observe the defendant's automobile in travel, and thus, he was competent to testify as to its fast rate of speed immediately prior to the accident. *See Brown v. Neal*, 283 N.C. 604, 197 S.E. 2d 505 (1973); *Honeycutt v. Strube*, 261 N.C. 59, 134 S.E. 2d 110 (1964). The witness' admission that he has never driven an automobile bears not on the competency of the evidence, but on its probative force. *Murchison v. Powell*, 269 N.C. 656, 153 S.E. 2d 352 (1967). Furthermore, we find the cases upon which the defendant relies, *State v. Becker*, 241 N.C. 321, 85 S.E. 2d 327 (1955), and *Fleming v. Twiggs*, 244 N.C. 666, 94 S.E. 2d 821 (1956), distinguishable since in each of these cases the witness, whose testimony as to speed was excluded, had been distracted in his observation or had observed the vehicle only a few feet before impact.

[2] The defendant also excepted to Braggs' testimony that in his opinion the defendant's automobile was travelling in excess of the speed limit. He argues that there was no indication in the record that the witness knew the speed limit in the vicinity in which the accident occurred. Prior to Braggs' testimony Officer Robert Lee Harris, Jr. of the Wilmington Police Department testified that the "posted speed limit in the area of 8th and Mears [sic] on . . . [28 May 1977] was thirty-five miles an hour." Braggs testified on cross-examination that he thought the speed limit in the vicinity was thirty-five miles per hour. We think this evidence provided an adequate foundation upon which Braggs could testify that the defendant was driving in excess of the speed limit.

[3] Our disposition of the foregoing assignment is likewise dispositive of the defendant's assignment regarding the trial court's instruction on the speed at which the defendant was driving his automobile. In the pertinent portion of the charge the trial judge instructed the jury that it should find the defendant guilty of involuntary manslaughter if, among other things, it found that he "intentionally or recklessly violated the law by either

operating a vehicle in excess of the speed limit," or by driving under the influence of an intoxicating beverage. Clearly, Braggs' testimony that the defendant was travelling at an excessive rate of speed was sufficient to support the quoted instruction. The defendant's assignments of error challenging the admission of Braggs' testimony of speed and the instruction thereon are overruled.

We hold that the defendant received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge ARNOLD concur.