SHANE FOREST GUPTON, BY GEORGE EDWARD GUPTON, JR., G/A/L AND GEORGE EDWARD GUPTON, JR., INDIVIDUALLY v. SUE STANCIL McCOMBS AND WILLIAM F. McCOMBS D/B/A NORTH RIDGE 66

No. 8410SC789

(Filed 7 May 1985)

**Automobiles and Other Vehicles § 90.7— sudden emergency—insufficient evidence for instruction**

In an action to recover for injuries to a seven-year-old child who was struck when he stepped into the path of defendant's vehicle, the trial court erred in instructing the jury on the doctrine of sudden emergency where the evidence showed that defendant's negligence helped create the emergency situation in that defendant saw the child standing on the side of the road but failed to sound her horn or to keep a vigilant lookout for the child. G.S. 20-174(e).

APPEAL by plaintiffs from *Brewer, Judge*. Judgment entered 9 March 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 15 March 1985.

On 12 June 1982, plaintiff, Shane Forest Gupton, a seven-year-old child, was injured when he was struck by a pickup truck being operated by defendant, Sue Stancil McCombs (hereinafter Mrs. McCombs). His father, on behalf of Shane and individually, instituted this action seeking to recover damages arising out of Mrs. McCombs' alleged negligence and to recover for Shane's medical expenses. At the conclusion of trial, the jury found that Mrs. McCombs was not negligent. From a judgment entered upon the jury's verdict, plaintiffs appeal.

*Blanchard, Tucker, Twiggs, Earls & Abrams, by Charles F. Blanchard and Irvin B. Tucker, Jr., for plaintiff appellants.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Ronald C. Dilthey and H. Lee Evans, Jr., for defendant appellees.*

JOHNSON, Judge.

The dispositive issue on this appeal is whether the court erred in submitting an instruction on the doctrine of sudden emergency. For the following reasons, we conclude it did err and award plaintiffs a new trial.

At approximately 3:45 p.m. on 12 June 1982, Mrs. McCombs was traveling east at approximately 30 to 35 miles per hour on Spring Forest Road, a two lane road, in Raleigh, North Carolina when she observed a boy, plaintiff Shane Gupton, standing on the side of the road. When she saw the person was a child, she slowed down to approximately 25 to 30 miles per hour. As she neared the child, she noticed that the boy was looking at the westbound traffic as if he was preparing to cross the street. She assumed the boy would wait until she passed before crossing the street. Instead, the boy stepped into the path of her vehicle after the oncoming westbound vehicles had passed. There was a conflict in the evidence as to whether Mrs. McCombs saw the boy step in front of her vehicle. At the scene of the accident she gave a statement to the investigating police officer in which she indicated that she saw the boy step in front of her vehicle and that she swerved left in an unsuccessful attempt to avoid striking him. At trial, however, Mrs. McCombs testified that she did not see the boy step in front of her vehicle, but that she first felt a thud or something striking the side of her vehicle and then she saw the boy.

No visible marks were found on the side of Mrs. McCombs' vehicle. Two dents, however, were found around the right headlights. Hair and fragments of human skin were found in these dents.

The pavement was dry on the date of the accident. Mrs. McCombs' view of the boy was unobstructed from at least 400 feet away.

Mrs. McCombs did not sound her horn to warn the boy of her presence or approach.

The doctrine of sudden emergency states that one confronted with an emergency and compelled to act instantly to avoid a collision or injury is not liable if he acts as a reasonable man might have done in such a situation, even though his action may later prove not to have been the wisest choice. *Foy v. Bremson*, 286 N.C. 108, 209 S.E. 2d 439 (1974); *Rodgers v. Carter*, 266 N.C. 564, 146 S.E. 2d 806 (1966). One cannot receive the benefit of the sudden emergency doctrine, however, if the emergency was caused, wholly or in material part, by his negligence or wrongful act. *Foy v. Bremson, supra.* "One cannot, by his negligent conduct, permit

an emergency to arise and then excuse himself on the ground that he was called upon to act in an emergency." *Brunson v. Gainey*, 245 N.C. 152, 156, 95 S.E. 2d 514, 517 (1956). Moreover, one is not entitled to an instruction on the doctrine of sudden emergency if the injury was not caused by defendant's actions after the emergency arose. *Murchison v. Powell*, 269 N.C. 656, 153 S.E. 2d 352 (1967).

A motorist owes a special duty to children on or near a roadway:

> The duty the law imposes upon a motorist who sees, or by the exercise of reasonable care should see, children on or near the highway has been frequently declared by this Court. He must recognize that children have less discretion than adults and may run out into the street in front of his approaching automobile unmindful of the danger. Therefore, proper care requires a motorist to maintain a vigilant lookout, to give a timely warning of his approach, and to drive at such speed and in such a manner that he can control his vehicle if a child, in obedience to a childish impulse, attempts to cross the street in front of his approaching automobile. (Citations omitted.)

*Wainwright v. Miller*, 259 N.C. 379, 381, 130 S.E. 2d 652, 654 (1963). Furthermore, G.S. 20-174(e) requires a motorist to exercise due care to avoid colliding with any pedestrian and to warn the pedestrian by sounding the horn when necessary.

The evidence in the present case is uncontroverted that Mrs. McCombs never sounded her horn to warn the child of her approach. Moreover, she failed to keep a vigilant lookout for the child as she testified that she failed to see the child step in front of her vehicle, that she was looking at a tailgating vehicle, and that she was looking at oncoming traffic. She also testified that she assumed the child would wait for the oncoming cars and her vehicle to pass before crossing the street. She, however, could not make such an assumption. *Walker v. Byrd*, 258 N.C. 62, 127 S.E. 2d 781 (1962). By failing to sound her horn or to keep a vigilant lookout, Mrs. McCombs helped create the emergency situation. If she had sounded her horn, the child would have been made aware of her approach. If she had been maintaining a vigilant lookout, she could have seen the child step, or begin to step, in front of

her. The court, therefore, erred in submitting a sudden emergency instruction, and because the jury may have been misled or confused by the instruction, a new trial is necessary. *Rodgers v. Carter, supra.*

Because we are remanding this cause for a new trial, we need not consider plaintiffs' remaining assignments of error as they may not recur at the new trial.

New trial.

Judges WHICHARD and EAGLES concur.