RUTH S. SCHAEFER v. JOHN JOSEPH WICKSTEAD, III, AND AUTO WAREHOUSE, INC.

No. 8718SC584

(Filed 19 January 1988)

1. **Automobiles § 86— pedestrian struck by vehicle—last clear chance—insufficiency of evidence**

    In an action to recover for personal injuries sustained by plaintiff pedestrian when she was struck by a vehicle operated by defendant, the trial court did not err in refusing to instruct on last clear chance where plaintiff produced no solid evidence that defendant was aware of or by the exercise of reasonable care should have been aware of plaintiff's presence in his lane of travel.

2. **Automobiles § 72— pedestrian struck by vehicle—instruction on sudden emergency proper**

    In an action to recover for personal injuries sustained by plaintiff pedestrian when she was struck by defendant's vehicle as she attempted to cross his lane of travel, the trial court did not err in instructing the jury on the doctrine of sudden emergency.

APPEAL by plaintiff, Ruth S. Schaefer, from *Johnson (E. Lynn), Judge.* Judgment entered 13 February 1987 in Superior

Court, GUILFORD County. Heard in the Court of Appeals 3 December 1987.

On 15 October 1982, plaintiff and a friend were attempting to cross West Market Street where it is intersected by Chapman Street. Plaintiff and her companion had just attended a church bazaar and plaintiff was carrying a cake in her right hand and her purse on her left arm and an african violet in her left hand.

Defendant Wickstead was operating an automobile owned by Auto Warehouse, Inc. and was driving in the inside westbound traffic lane of West Market Street. At the intersection where the accident occurred, West Market Street has two lanes for traffic traveling in an easterly direction. Traveling in a westerly direction at the intersection there are two through lanes and a left turn lane. A median divides the east and west lanes of West Market Street. On the date of the accident, the intersection had electronic traffic control devices controlling vehicular traffic. The intersection also had pedestrian signals which were not activated by traffic but by "push buttons" located at the intersection. There were no streetlights at the intersection and the accident occurred at 7:45 p.m., approximately one hour after sunset.

Plaintiff testified that after hearing someone say "We have pushed the button," she waited until the pedestrian signal changed to "Walk" and crossed the two eastbound lanes of West Market Street and arrived at the median. When plaintiff walked out onto the westbound traffic lanes, she looked to her right and saw headlights. That was the last thing she remembered until she woke up and found herself lying in the road after the accident.

Defendant Wickstead was driving in the inside westbound traffic lane and was being followed in the same traffic lane by another employee of Auto Warehouse, Inc. There was also a vehicle in the outside westbound lane approximately one to two car lengths behind Wickstead's automobile. The speed limit was 35 miles per hour and defendant Wickstead was traveling at a speed somewhere between 25 to 30 miles per hour.

Defendant testified that as he approached the intersection he saw something white reflect in his headlights between seventy-five to one hundred feet away. He veered his car to the left because there was a car overtaking him in the outside lane and

there was no room to maneuver in that direction. The driver of the car directly behind Wickstead stated that he was not aware that there was a problem at the intersection until he saw Wickstead's brake lights come on and his car veer to the left. The driver of the car in the outside lane testified that when she first saw the two women, Wickstead immediately applied his brakes. A passenger in that same car stated that when he saw the women, the car in which he was traveling was between 60 and 100 feet away. According to Wickstead and the parties in the automobile in the outside traffic lane, the traffic lights were green in their favor.

Plaintiff instituted this civil action against defendants on 9 August 1985 alleging negligence and seeking to recover damages in the amount of $1,500,000. The case was tried in Guilford County Superior Court on 9 February 1987. The trial court refused to grant plaintiff's request to submit to the jury the issue of the last clear chance doctrine. Over plaintiff's objection, the trial court instructed the jury on the doctrine of sudden emergency. The jury returned a verdict stating that plaintiff was not injured by the negligence of defendant, John Joseph Wickstead, III. From the judgment of the trial court, plaintiff appeals.

*George C. Collie, John F. Ray and Charles M. Welling for plaintiff appellant.*

*William L. Stocks and Douglas E. Wright for defendant appellees.*

ARNOLD, Judge.

[1] Plaintiff contends that the trial court erred in "failing to submit an issue and charge the jury under the doctrine of last clear chance." We disagree.

In order to be entitled to an instruction on the doctrine of last clear chance, the plaintiff must prove four elements: that (1) the pedestrian, by his own negligence, placed himself in a position of helpless peril, (2) the defendant was aware of, or by the exercise of reasonable care should have discovered, plaintiff's perilous position and his incapacity to escape, (3) the defendant had the time and means to avoid injury to the plaintiff by the exercise of reasonable care after he discovered or should have discovered the

situation, and (4) the defendant negligently failed to use the time and means available to avoid injuring the pedestrian. *Watson v. White*, 309 N.C. 498, 308 S.E. 2d 268 (1983). In the case *sub judice*, however, plaintiff does not present evidence of all four elements.

The first requirement is satisfied by the evidence that plaintiff negligently placed herself in a position of peril by which she could not escape by the exercise of reasonable care. Plaintiff, however, presented no solid evidence that defendant Wickstead was aware of, or by the exercise of reasonable care should have been aware of, plaintiff's perilous condition at a time early enough to avoid the accident.

In regard to this issue, plaintiff argues that defendant failed to keep a proper lookout and should have seen plaintiff when he was at least 200 feet away from her. Plaintiff bases this conclusion on the following factors: (1) G.S. 20-131(a) requires that a motor vehicle operated in the night have high beams sufficient to discern a person 200 feet ahead, (2) the average walking rate of a pedestrian is four feet per second, (3) plaintiff had been in the westbound lanes of Market Street approximately 5.5 seconds, (4) a car traveling at a speed of 25 to 30 miles per hour travels 36.6 to 43.9 feet per second, and (5) defendant Wickstead had between 5.5 and 4.55 seconds in which to avoid hitting plaintiff.

Despite the fact that plaintiff claims the average walking rate of a hypothetical pedestrian to be 4 feet per second, she produced no evidence concerning the rate at which plaintiff was walking on this occasion. We note here that plaintiff was sixty-four years of age, and that she was carrying a cake on a paper plate in her right hand and an african violet and her purse in the other. Also, there was no evidence that plaintiff had been in the westbound lane for 5.5 seconds. Plaintiff's conclusion that defendant failed to keep a proper lookout is based to a great degree on mere speculation. The trial court did not err in refusing to submit to the jury the issue of the last clear chance doctrine.

[2] Plaintiff further argues that the trial court erred in instructing the jury on the doctrine of sudden emergency. We disagree.

The doctrine of sudden emergency applies when one is confronted with an emergency situation which compels him to act instantly to avoid a collision or injury, and he will not be held liable

if he acts as a reasonable man might have done, even though his action may later prove not to have been the wisest choice. *Gupton v. McCombs,* 74 N.C. App. 547, 328 S.E. 2d 886 (1985); *Foy v. Bremson,* 286 N.C. 108, 209 S.E. 2d 439 (1974). The present case clearly warranted such an instruction to the jury. Plaintiff's contention is without merit.

Defendants cross-assign as error the fact that the trial court denied defendants' motion to dismiss this action at the end of the evidence. Having resolved the preceding contentions in defendants' favor, we need not address this issue.

No error.

Judges JOHNSON and ORR concur.