DEBORAH ANN REED, PLAINTIFF v. CLARA PARKS ABRAHAMSON, JAMES OWEN ABRAHAMSON, KAREN BARWICK AND ROBERT LEONARD BARWICK, SR., DEFENDANTS

No. 9015SC568

(Filed 15 December 1992)

1. **Automobiles and Other Vehicles § 531 (NCI4th)— automobile collision—stalled automobile partially on highway**

The evidence was sufficient to go to the jury on defendant Barwick's negligence where Barwick was driving on an icy, two-lane road at approximately 8:15 a.m.; she noticed smoke coming from under the hood, pulled to the right of the road, and turned off the engine; unable to restart the car, she obtained assistance and pushed the car as far to the right side of the road as she could; 50 to 60 percent of the car remained on the paved portion of the road; she tried to call a towing service, but none was available; she then left the scene to

REED v. ABRAHAMSON

[108 N.C. App. 301 (1992)]

attend college classes and called another towing service at approximately 5:15 p.m.; in the meantime, plaintiff passed Barwick's car heading in the same direction; a car passing from plaintiff's direction could not pass Barwick's car without crossing the center line and plaintiff stopped her car before pulling around defendant's car; plaintiff proceeded back along the same road in the opposite direction at about 3:30 p.m.; defendant Abrahamson rounded a sharp curve, confronted Barwick's car partially obstructing her lane of travel, and steered to the left; and Abrahamson collided with plaintiff. Although defendant Barwick claims that there was insufficient evidence to send the issue of her negligence to the jury, she left her vehicle in the highway for approximately seven and one-half hours. This was sufficient to take to the jury the question of whether, in the exercise of reasonable care, defendant Barwick was entitled to be exonerated under the disablement exception in N.C.G.S. § 20-161(a).

**Am Jur 2d, Automobiles and Highway Traffic § 901.**

2. **Automobiles and Other Vehicles § 590 (NCI4th)— plaintiff striking oncoming vehicle—lane of oncoming vehicle partially blocked—contributory negligence**

The question of plaintiff's contributory negligence properly went to the jury where plaintiff collided with defendant Abrahamson's vehicle while Abrahamson was swerving around defendant Barwick's disabled car, which was partially blocking Abrahamson's lane. The evidence at trial did not establish as a matter of law that plaintiff was negligent.

**Am Jur 2d, Automobiles and Highway Traffic § 843.**

**Negligence of motorist colliding with vehicle approaching in wrong lane. 47 ALR2d 6.**

3. **Automobiles and Other Vehicles § 426 (NCI4th)— disabled vehicle—negligence of swerving driver—concurring or insulating—jury issue**

The evidence at trial was sufficient to submit to the jury the question of whether defendant Abrahamson's intervening negligence was concurring or insulating where plaintiff collided with defendant Abrahamson's vehicle while Abrahamson was

REED v. ABRAHAMSON

[108 N.C. App. 301 (1992)]

swerving around defendant Barwick's disabled car, which was partially blocking Abrahamson's lane.

**Am Jur 2d, Automobiles and Highway Traffic §§ 432, 433.**

4. **Damages § 114 (NCI4th) — automobile accident — damages — pain — evidence sufficient**

The evidence was sufficient in an automobile accident case to support the jury's award of $50,000, and the trial court correctly denied plaintiff's motion to set aside the verdict, where plaintiff presented evidence of the continuing nature of the chest and back pain she suffers as a result of the accident; her orthopedic surgeon stated that her injuries were permanent and rated plaintiff with a 5% permanent partial disability of the upper thoracic spine; other medical experts supported that diagnosis; and plaintiff established the necessity for her treatments at Duke University Medical Center Pain Clinic and Medical and Surgical Private Diagnostic Clinics.

**Am Jur 2d, Automobiles and Highway Traffic §§ 914-915, 917.**

5. **Automobiles and Other Vehicles § 767 (NCI4th) — vehicle stopped on highway — no perception of emergency — instruction on sudden emergency correctly denied**

The trial court did not err by failing to instruct the jury on the doctrine of sudden emergency in an automobile accident case where defendant Abrahamson rounded a curve and was confronted with defendant Barwick's disabled car partially in her lane of travel, swerved, and collided with plaintiff where it is clear from defendant Abrahamson's testimony that she did not perceive herself to be in an emergency situation and she never testified that she could not stop upon finding the Barwick vehicle in her path.

**Am Jur 2d, Automobiles and Highway Traffic § 420.**

**Instructions on sudden emergency in motor vehicle cases. 80 ALR2d 5.**

6. **Evidence and Witnesses § 226 (NCI4th) — automobile accident — medical bills — pain diary — admissible**

The trial court did not err in an automobile accident case by admitting evidence of plaintiff's medical bills and plaintiff's pain diary. The medical treatments were reasonably necessary

as rehabilitative measures and the bills submitted were reasonable in amount. The pain diary was actually part of plaintiff's medical record and falls squarely into the hearsay exception for Statements for Purposes of Medical Diagnosis or Treatment under N.C.G.S. § 8C-1, Rule 803(4).

**Am Jur 2d, Damages § 198; Evidence § 496.**

7. **Trial § 13 (NCI3d)— exhibits—taken into jury room without consent of both parties—no prejudice**

There was no prejudice in an automobile accident case where the trial court permitted the jury to take exhibits into the jury room and retain them during deliberations without the consent of the parties.

**Am Jur 2d, Trial § 1691.**

Appeal by defendants from judgment entered 9 October 1986 in Orange County Superior Court by Judge Gordon F. Battle. Heard in the Court of Appeals 17 November 1992.

Plaintiff brought this personal injury action seeking damages for injuries plaintiff sustained in an automobile accident on 22 January 1985. The record discloses the following facts:

At approximately 8:15 a.m. on the morning of the accident, defendant Karen Barwick (hereinafter Barwick) was traveling in a westerly direction on an icy, paved two-lane road when she noticed smoke coming from under her hood. She pulled the car to the right side of the road and turned off the engine. Unable to start the car again, she obtained assistance and pushed the vehicle as far to the right side of the road as she could. The evidence presented tends to establish that 50 to 60 percent of defendant Barwick's car still remained on the paved portion of the road. Defendant Barwick then tried to call a towing service, but no tow truck was available at that time. Defendant Barwick, a student *en route* to Chapel Hill, left the scene to attend her classes. After her classes were over, she called another towing service at approximately 5:15 p.m.

In the meantime, plaintiff passed defendant Barwick's parked car heading in a westerly direction. Upon approaching the vehicle, plaintiff stopped her car before pulling out around defendant Barwick's car. A car passing from plaintiff's direction could not have passed defendant Barwick's car without crossing the center line.

At about 3:30 p.m. that afternoon, plaintiff proceeded back along the same road in an easterly direction. As plaintiff approached defendant Barwick's parked car, defendant Clara Parks Abrahamson (hereinafter Abrahamson), who was driving from the opposite direction, rounded a sharp curve in the road and confronted the parked car partially obstructing her lane of travel. Defendant Abrahamson steered to the left to pass defendant Barwick's car. A collision resulted from defendant Abrahamson's maneuver. The evidence presented shows that defendant Abrahamson was traveling below the posted speed limit of 45 miles per hour.

Plaintiff instituted this negligence cause of action against both defendants. The jury returned a verdict for plaintiff against both defendants, jointly and severally, for $50,000.00. From that judgment, defendants appeal.

*Toms, Reagan & Montgomery, by Frederic E. Toms, for plaintiff-appellee.*

*Young, Moore, Henderson & Alvis, P.A., by Ralph W. Meekins, for defendants-appellants Clara and James Abrahamson.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by E. Elizabeth Lefler and George W. Miller, Jr., for defendants-appellants Karen and Robert Barwick, Sr.*

WELLS, Judge.

[1] Defendants each set forth separate assignments of error for our review and we shall address each individually. First, defendant Barwick contends the trial court erred in denying her motion for directed verdict and judgment notwithstanding the verdict. She bases this assertion on three independent and alternative arguments. Defendant Barwick first claims that there was insufficient evidence to send the issue of her negligence to the jury. In the alternative, she asserts that even if there was competent evidence to establish negligence on the part of defendant Barwick, either plaintiff's contributory negligence or defendant Abrahamson's insulating negligence was the proximate cause of plaintiff's injuries, thereby precluding recovery from defendant Barwick.

A motion by a defendant for a directed verdict under G.S. 1A-1, Rule 50(a) of the Rules of Civil Procedure tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff. On such a motion,

plaintiff's evidence must be taken as true and considered in the light most favorable to the plaintiff, giving plaintiff the benefit of every reasonable inference to be drawn therefrom. A directed verdict for the defendant is not properly allowed unless it appears as a matter of law that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish.

*Koonce v. May*, 59 N.C. App. 633, 634, 298 S.E.2d 69, 71 (1982). A motion for judgment notwithstanding the verdict is essentially a renewal of an earlier motion for directed verdict, *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 329 S.E.2d 333 (1985), and the same standard will apply.

In this case, there was sufficient evidence from which a jury could find defendant Barwick was negligent. N.C. Gen. Stat. § 20-161(a) provides the following:

No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled portion of any highway or highway bridge outside municipal corporate limits unless the vehicle is disabled to such an extent that it is impossible to avoid stopping and temporarily leaving the vehicle upon the paved or main traveled portion of the highway or highway bridge.

Accepting *arguendo* that defendant Barwick's vehicle was disabled to the extent that it was impossible to avoid stopping in the traveled portion of the highway; and accepting *arguendo* that she removed her car from the highway as best she could upon its disablement, these circumstances do not settle the question of whether defendant Barwick was entitled, as a matter of law, to be excused from negligence under the disablement exception in N.C. Gen. Stat. § 20-161(a). The operative circumstances of this case are that defendant Barwick did not only temporarily leave her vehicle in the highway, but also, left it there for approximately seven and one-half hours. This was sufficient to take to the jury the question of whether, in the exercise of reasonable care, defendant Barwick was entitled to be exonerated under the disablement exception. This evidence was also clearly sufficient to allow the jury to determine that the presence of the Barwick vehicle in the traveled portion of the highway was a proximate cause of plaintiff's injuries.

**REED v. ABRAHAMSON**

[108 N.C. App. 301 (1992)]

[2] As to the question of plaintiff's alleged contributory negligence, we find no substance to defendant's position. The evidence at trial certainly did not establish, as a matter of law, that plaintiff was negligent in the operation of her vehicle, and thus this question properly went to and was settled by the jury.

[3] The evidence adduced at trial was also sufficient to submit to the jury the question of whether defendant Abrahamson's intervening negligence was concurring or insulating. Where the evidence presented is of "such a character that reasonable men could form divergent opinions of its import," the issues should be submitted to the jury for consideration. *Bryant, supra.* We therefore find the trial court's denial of defendant Barwick's motions to be proper.

[4] Defendant Barwick next contends that the trial court should have granted her motion for judgment notwithstanding the verdict and motion to set aside the verdict because the damage award was excessive and the evidence was insufficient to support an award of $50,000.00. A motion to set aside a verdict as excessive is addressed to the sound discretion of the trial court and, absent a manifest abuse of discretion, will not be disturbed upon appeal. *Worthington v. Bynum,* 305 N.C. 478, 290 S.E.2d 599 (1982).

Plaintiff presented evidence of the continuing nature of the chest and back pain she suffers as a result of the accident. She further presented deposition testimony of her orthopedic surgeon who stated that her injuries were permanent in nature and rated the plaintiff with a 5% permanent partial disability of the upper thoracic spine. Plaintiff brought forth other medical experts whose testimony tended to support her orthopedic surgeon's diagnosis. Plaintiff also established the necessity for her treatments at Duke University Medical Center Pain Clinic and Medical and Surgical Private Diagnostic Clinics. Dr. Bruno Urban, who treated plaintiff at the Pain Clinic, examined plaintiff and formed a clinical impression that plaintiff's symptoms were consistent with her accident history. He devised a treatment plan for plaintiff including biofeedback techniques and physical therapy. As part of plaintiff's treatment at the Pain Clinic, she received services from the Medical and Surgical Private Diagnostic Clinics at Duke. Plaintiff, Dr. Urban, and plaintiff's physical therapist, testified that they believed plaintiff benefitted from her treatment at the Pain Clinic by reduction of her pain. Plaintiff's testimony together with that of the medical

professionals established sufficient evidence to support the jury's award of $50,000.00. After reviewing the evidence presented, we find no indication of manifest abuse and we therefore affirm the trial court's denial of defendant Barwick's motions.

[5] In her first assignment of error, defendant Abrahamson argues that the trial court erred in failing to instruct the jury on the doctrine of sudden emergency. The doctrine of sudden emergency applies when defendant is confronted with "an emergency situation not of his own making and requires defendant to act only as a reasonable person would react to similar emergency circumstances." *Massengill v. Starling*, 87 N.C. App. 233, 360 S.E.2d 512 (1987), *disc. review denied*, 321 N.C. 474, 364 S.E.2d 923 (1988). We find the doctrine of sudden emergency inapplicable based upon the facts before us.

An "emergency situation" has been defined by our courts as that which "compels [defendant] to act instantly to avoid a collision or injury[.]" (Emphasis added.) *Schaefer v. Wickstead*, 88 N.C. App. 468, 363 S.E.2d 653 (1988) (*citing Foy v. Bremson*, 286 N.C. 108, 209 S.E.2d 439 (1974) ). From defendant Abrahamson's testimony, it is clear that she did not perceive herself to be in an emergency situation. Instead, she testified that she saw the Barwick vehicle about ten to fifteen car lengths away, and upon determining that there were no cars approaching from the other direction and that it was safe to proceed, she pulled into the lane of oncoming traffic. Defendant Abrahamson never testified that she could not stop upon finding the Barwick vehicle in her path. Therefore, based on the testimony and facts before us, we find that there was no "emergency" as our cases define that term. This assignment of error is overruled.

[6] Both defendants Barwick and Abrahamson contend that the trial court erred in admitting evidence of plaintiff's medical bills. We find no error in that there was competent evidence to show that the medical treatments were reasonably necessary as rehabilitative measures and that the bills submitted were reasonable in amount.

Both defendants also contend that it was reversible error for the court to admit plaintiff's "pain diary" because it was inadmissible hearsay. Defendants argue that admission of the diary constituted prejudicial error and prevented them from receiving a fair trial.

**REED v. ABRAHAMSON**

[108 N.C. App. 301 (1992)]

Upon reviewing the record before us, we find that the "pain diary" in question was actually part of plaintiff's medical record and consisted of subjective responses plaintiff provided to Dr. Francis Keith, a psychologist, on a form he had given her, enabling him to effectively evaluate her condition and prescribe treatment. At Dr. Keith's request, plaintiff kept a daily log of her subjective experience of pain as part of her treatment program. Plaintiff provided this record to Dr. Keith every time she met with him, and it was incorporated as part of her medical record. Clearly, this subjective record of plaintiff's pain falls squarely into the hearsay exception for Statements for Purposes of Medical Diagnosis or Treatment under Rule 803(4) of the Rules of Evidence. We therefore find this assignment of error to be without merit.

[7] Finally, defendants assign as error the trial court's submission of an exhibit to the jury without the consent of all parties. While it is true our Court has held that it is error for the trial court to permit the jury to take exhibits into the jury room and retain them during deliberations without the consent of the parties, such error requires reversal only when the objecting party demonstrates it has suffered resulting prejudice. *Robinson v. Seaboard System Railroad*, 87 N.C. App. 512, 361 S.E.2d 909 (1987), *review denied*, 321 N.C. 474, 364 S.E.2d 924 (1988). Defendants have not demonstrated prejudice or the denial of a substantial right based on the trial court's error. This assignment of error is overruled.

We find defendants Barwick's and Abrahamson's additional assignments of error to be without merit and therefore do not address them.

No error.

Judges EAGLES and LEWIS concur.