**MOREAU v. HILL**

[111 N.C. App. 679 (1993)]

ROBERT H. MOREAU, JR. v. RUSSELL B. HILL

No. 9212SC563

(Filed 17 August 1993)

1. **Automobiles and Other Vehicles §§ 488, 528 (NCI4th) — personal injury action — denial of directed verdict and judgment n.o.v. — no error**

   In an action to recover for personal injuries sustained by plaintiff when he was a passenger in a truck driven by defendant, the trial court properly denied plaintiff's motion for a directed verdict and motion for judgment n.o.v. where plaintiff argued that defendant was exceeding a safe speed under the existing hazardous road conditions but the evidence was such that a jury could reasonably conclude that defendant was not driving at an excessive speed, or if he was, that his negligence was not a proximate cause of plaintiff's injuries because a small crest in the road prevented defendant from seeing a puddle in the road in sufficient time to react to avoid the puddle and thus avoid skidding out of control. N.C.G.S. § 20-141(a).

   Am Jur 2d, Automobiles and Highway Traffic §§ 769, 798.

2. **Automobiles and Other Vehicles § 765 (NCI4th) — sudden emergency — instructions harmless error**

   Since there was no allegation or any evidence that, *after* defendant's vehicle hit a puddle of water in the road, defendant acted in a negligent manner, the trial court erred in instructing on sudden emergency; however, such error was harmless since the court informed the jury that, in order to apply the doctrine, it had to find that defendant's actions did not bring about the emergency, or, in other words, in order to consider the doctrine, the jury had to rule out the only theory for recovery advanced by plaintiff.

   Am Jur 2d, Automobiles and Highway Traffic §§ 1117, 1119.

   Instructions on sudden emergency in motor vehicle cases. 80 ALR2d 5.

Appeal by plaintiff from judgment entered 5 March 1992 by Judge Jack Thompson in Cumberland County Superior Court. Heard in the Court of Appeals 29 April 1993.

On 14 February 1991, plaintiff filed a negligence action against defendant, seeking to recover for the personal injuries he received while riding as a passenger in defendant's vehicle on 15 June 1989. At trial, plaintiff filed a motion for directed verdict, and after the jury rendered a verdict against the plaintiff, plaintiff filed a motion for judgment notwithstanding the verdict. The trial judge denied both motions.

*Smith, Dickey & Smith, P.A., by W. Ritchie Smith, Jr., for plaintiff-appellant.*

*Russ, Worth, Cheatwood & Guthrie, by Rodney A. Guthrie, for defendant-appellee.*

McCRODDEN, Judge.

[1]   Plaintiff first assigns as error the trial court's denial of plaintiff's motion for a directed verdict on the issue of defendant's negligence, and the denial of plaintiff's motion for judgment notwithstanding the verdict. Plaintiff argues that the evidence showed that the defendant was exceeding a safe speed under the existing hazardous road conditions, failed to exercise a proper lookout, and failed to keep his vehicle under proper control, and that, therefore, a directed verdict was proper. Upon review of the evidence, we hold that the trial court properly denied plaintiff's motions.

In ruling on a motion for directed verdict, the trial court must consider the evidence in the light most favorable to the non-moving party, here the defendant, and give the non-moving party the benefit of all inferences reasonably drawn, with any conflict in the evidence being resolved in the non-movant's favor. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 369, 329 S.E.2d 333, 337-38 (1985). In ruling on a motion for judgment notwithstanding the verdict, the court should grant the motion only cautiously and sparingly. *Id.* at 369, 329 S.E.2d at 338. The motion for judgment notwithstanding the verdict is essentially a renewal of an earlier motion for directed verdict, and the court should allow it only if the earlier directed verdict could have properly been granted. *Id.* at 368-69, 329 S.E.2d at 338.

**MOREAU v. HILL**

[111 N.C. App. 679 (1993)]

Plaintiff contends that defendant was guilty of negligence *per se* because defendant drove at a speed greater than what was reasonable and prudent under the existing circumstances, in violation of N.C. Gen. Stat. § 20-141(a) (1989), and thus a directed verdict should have been granted. We disagree. In order for the defendant to be found liable for the plaintiff's injuries, the defendant's violation of the statute must also have been the proximate cause of the accident. *Watts v. Watts*, 252 N.C. 352, 355, 113 S.E.2d 720, 722 (1960). We find that the evidence raised a factual question of whether the defendant's negligence was the proximate cause of plaintiff's injuries, and thus, the trial court properly reserved this question for determination by the jury.

The evidence tended to show that plaintiff and defendant were driving in defendant's truck on Law Road, which was wet due to an earlier rain. There was still daylight. Defendant, who was driving the truck, encountered a large puddle in the road, slowed down to about thirty-five miles per hour, and switched traffic lanes to avoid the puddle. Defendant testified that after passing the puddle, he accelerated to forty to forty-five miles per hour and came upon a "little crest" in the road, which prevented him from seeing a large water puddle that jutted onto his lane of traffic until he was "right on it." As the truck hit the puddle, it skidded out of control, struck a ditch, bounced into the air, and landed in a ditch. Plaintiff sustained injuries as a result of the accident. Although plaintiff's motion for a directed verdict alleged that the legal speed limit was 35 m.p.h., the record reveals that neither party presented evidence concerning the speed limit on Law Road.

Considering the evidence in the light most favorable to the defendant, the jury could reasonably conclude that defendant was not driving at an excessive speed and was not, therefore, negligent or that, even if he were driving at an excessive speed and negligent, his negligence was not the proximate cause of the accident. The evidence was such that the jury could reasonably infer that the small crest in the road prevented the defendant from seeing the puddle in sufficient time to react to avoid the puddle. Therefore, we hold that the trial court correctly denied plaintiff's motion for a directed verdict and motion for judgment notwithstanding the verdict.

[2] In plaintiff's second assignment of error, he alleges that the trial court erred in instructing the jury on the doctrine of sudden

emergency when the evidence tended to show that the defendant failed to keep a proper lookout and drove at an excessive speed. An "emergency situation" is defined by our courts as that which compels the defendant to act instantly to avoid a collision or injury. *Reed v. Abrahamson*, 108 N.C. App. 301, 308, 423 S.E.2d 491, 495 (1992), *cert. denied*, 333 N.C. 463, 427 S.E.2d 624 (1993) (quoting *Schaefer v. Wickstead*, 88 N.C. App. 468, 471, 363 S.E.2d 653, 655 (1988)).

The doctrine of sudden emergency is not available to a defendant if the defendant's own negligence or wrongful act caused the emergency wholly or in material part. *Gupton By Gupton v. McCombs*, 74 N.C. App. 547, 548, 328 S.E.2d 886, 888, *disc. review denied*, 314 N.C. 329, 333 S.E.2d 486 (1985). Furthermore, the trial court should not instruct on the doctrine of sudden emergency if defendant's action *after* the emergency did not cause the plaintiff's injury. *Murchison v. Powell*, 269 N.C. 656, 660, 153 S.E.2d 352, 355 (1967); *Gupton by Gupton*, 74 N.C. App. at 549, 328 S.E.2d at 888.

In the instant case, there was no allegation nor was there any evidence that, *after* the vehicle hit the puddle, defendant acted in a negligent manner. The testimony by the plaintiff as well as the defendant was that defendant lost control of his truck as soon as the vehicle met the water in the road. Hence, the instruction on the sudden emergency doctrine was erroneous.

We find, however, that such error was harmless. As we note in response to plaintiff's final assignment below, the trial court clearly informed the jury that, in order to apply the doctrine, it had to find that the defendant's actions did not bring about the emergency. Hence, before the jury considered the doctrine, it had to find that defendant committed no negligence that created the sudden emergency. In other words, in order to consider the doctrine, the jury had to rule out the only theory for recovery advanced by plaintiff.

The sudden emergency doctrine is a two-edged sword for a defendant. As in this case, a defendant may plead the doctrine as a defense to allegations of negligence. In so pleading and in defending with this doctrine, a defendant must show that his negligence did not create the sudden emergency. Depending upon the plaintiff's allegations and proof, this showing may, in fact, resolve the case. Defendant's use of the doctrine as a defense, however,

IN RE ROCK-OLA CAFE

[111 N.C. App. 683 (1993)]

gives the plaintiff an opportunity to show that, even if the defendant's negligence did not cause the sudden emergency, his reaction to the emergency was negligence and a basis for recovery. Since the jury received proper instructions in the instant case, plaintiff cannot complain about having another basis for recovery.

Citing *Lawson v. Walker*, 22 N.C. App. 295, 206 S.E.2d 325 (1974), plaintiff's final argument pertains to the trial court's instructions on sudden emergency, arguing that they were insufficient in explaining that, in order to consider the doctrine, the jury had to exonerate the defendant from negligence in creating the emergency. This case, however, is distinguishable from *Lawson*. The trial court's language ("person who through no negligence on his part is suddenly and unexpectedly confronted with peril," "a driver may through no negligence of his own . . . ," and "from a sudden emergency that is not of the driver's own making") sufficiently explained the doctrine's requirement that defendant's negligence not cause the emergency.

In the trial of this case, we find no error.

No error.

Judges JOHNSON and ORR concur.