HATTIE M. BRYANT v. SHIRLEEN WYKE WINKLER

No. 7225SC802

(Filed 22 November 1972)

1. Automobiles § 72— sudden emergency — refusal to give instructions proper

Defendant's conduct in failing to bring her automobile under control as she proceeded onto a narrow bridge where two cars were meeting in front of her contributed to whatever emergency arose from the sudden stop by the vehicle in her lane of travel; therefore, the trial court properly refused to instruct the jury on the doctrine of sudden emergency.

2. Damages § 15— damages for permanent injury — sufficiency of evidence to support award

The trial court properly allowed the jury to assess damages for permanent injury where there was evidence tending to show some permanent injury to plaintiff's spine and expected disability therefrom.

ON *certiorari* to review judgment of *Grist, Judge,* 27 March 1972 Session of Superior Court held in CALDWELL County.

Civil action to recover for personal injuries allegedly sustained by plaintiff while a passenger in an automobile operated by her husband, Grayson Bryant.

Plaintiff's evidence tends to show that before entering upon a bridge located on a rural paved road near Granite Falls, Bryant stopped his automobile so that a vehicle he was meeting could clear the bridge. The bridge was not wide enough for two cars to meet on it and pass. While Bryant was stopped at the bridge, defendant drove her automobile into the rear of the Bryant automobile, knocking it forward about 80 feet and causing plaintiff to sustain a whiplash type injury to her neck.

Defendant testified that she was familiar with the bridge and knew the practice was for all motorists to stop at either end of the bridge for oncoming traffic. "Everybody in the community did that." As defendant proceeded toward the bridge on the date of the accident, she saw a vehicle approaching on the other side, and she also saw the Bryant car stop in front of her about a car length from the edge of the bridge. Defendant stated that she applied her brakes but let up on them when she observed the Bryant automobile move forward as if it were going to proceed across the bridge. The Bryant

automobile then stopped suddenly, and defendant was unable to bring her automobile under control and avoid striking the Bryant car from the rear.

The jury answered the issue of negligence in plaintiff's favor and awarded damages in the sum of $7,000.00. Defendant appeals from judgment entered upon the verdict.

*No brief filed for plaintiff.*

*Townsend and Todd by J. R. Todd, Jr., for defendant appellant.*

GRAHAM, Judge.

[1] Defendant assigns as error the denial of her request for jury instructions on the doctrine of sudden emergency. She says that she was confronted with a sudden emergency when the Bryant car stopped after having started from a stopped position as if it would proceed across the bridge.

We agree with the trial court that the doctrine of sudden emergency is not applicable here. The doctrine is not available to a party who contributes to the creation of the emergency in whole or in part. 6 Strong, N. C. Index 2d, Negligence, § 4, p. 9. Defendant's conduct in failing to bring her automobile under control as she proceeded onto a narrow bridge where two cars were meeting in front of her contributed to whatever emergency arose from the sudden stop by the Bryant vehicle.

[2] Defendant's remaining assignment of error is to the court's instruction to the jury that they might assess damages for permanent injury. She contends that there was no evidence on which to base this instruction.

It is elementary that there can be no recovery for a permanent injury unless there is some evidence tending to establish one with reasonable certainty. *Gillikin v. Burbage,* 263 N.C. 317, 139 S.E. 2d 753; *Short v. Chapman,* 261 N.C. 674, 136 S.E. 2d 40; *Johnson v. Brown,* 11 N.C. App. 323, 181 S.E. 2d 321, *cert. denied,* 279 N.C. 349. While the testimony of plaintiff's physician on the question of permanent injury was far from explicit, we are of the opinion that it was sufficient to permit the element of permanency to be considered by the jury. He testified as a medical expert and described the physical injuries suffered by plaintiff in the accident. His testimony,

when considered in the light most favorable to plaintiff, would permit the jury to find that plaintiff suffered a whiplash injury that consisted of a disarrangement or separation and stretching of the inner fascia and ligaments about the spine. Fibrous or scar tissue can be expected to form in the healing process and remain during the remainder of plaintiff's life. This scar tissue or fibrous tissue is abnormal and constitutes some disability.

No error.

Judges VAUGHN and HEDRICK concur.