JUDY TREMBLAY KEITH v. JACQUELINE D. POLIER, ADMINISTRATRIX FOR THE ESTATE OF PATRICK JOHN RAY

No. 9210SC139

(Filed 16 February 1993)

1. **Evidence and Witnesses § 1974 (NCI4th)— accident report —admissible**

An accident report was admissible in a negligence action arising from an automobile accident where the officer testified that, on the date of the accident, he completed the DMV-349 form based on information received from the two drivers and his own investigation of the accident; he prepared the report during the course and scope of his employment as a police

KEITH v. POLIER

[109 N.C. App. 94 (1993)]

officer and further as a regularly conducted business activity; he reviewed the accident report with the parties at the accident and neither objected to his conclusions; and the officer subsequently filed the report with his immediate supervisor who in turn filed the report with the records division in the Raleigh Police Department. This testimony by the officer provided proper authentication and tends to show that the report was sufficiently trustworthy and was therefore admissible under N.C.G.S. § 8C-1, Rule 803(6) and (8).

**Am Jur 2d, Evidence §§ 931, 934, 1002; Automobiles and Highway Traffic § 1046.**

**Admissibility in state court proceedings of police reports under official record exception to hearsay rule. 31 ALR4th 913.**

2. **Automobiles and Other Vehicles § 767 (NCI4th) — automobile accident — sudden stop in traffic — sudden emergency — evidence not sufficient**

The trial court erred in a negligence action arising from a rear end collision by instructing the jury on sudden emergency where the evidence, even when viewed in the light most favorable to defendant, indicates that he had reason to anticipate that plaintiff could start moving her vehicle and then suddenly stop again. The alleged sudden emergency was not sudden, and, if an emergency did exist, the evidence indicates that it was brought about at least in part by defendant's failure to keep a proper lookout and reduce his speed in time to avoid an accident. Defendant should not have been given the benefit of an instruction on sudden emergency doctrine where the evidence was insufficient to support a finding that a sudden emergency did in fact exist.

**Am Jur 2d, Negligence §§ 226-230.**

**Instructions on sudden emergency in motor vehicle cases. 80 ALR2d 5.**

Appeal by plaintiff from Judgment entered 27 August 1991 by Judge Dexter Brooks in Wake County Superior Court. Heard in the Court of Appeals 7 January 1993.

*E. Gregory Stott for plaintiff-appellant.*

*Walker, Young & Barwick, by Thomas E. Barwick, for defendant-appellee.*

WYNN, Judge.

Plaintiff filed a claim in negligence against Jacqueline D. Polier, Administratrix for the estate of Patrick John Ray, seeking damages for personal injuries arising out of an automobile accident which occurred on 26 July 1990 involving plaintiff and the deceased Mr. Ray. Defendant answered denying negligence and asserting contributory negligence and sudden emergency as affirmative defenses. Over the plaintiff's objection the trial court instructed on contributory negligence and the doctrine of sudden emergency. The jury returned a verdict stating that plaintiff was not injured by the negligence of the deceased defendant. From judgment entered on the verdict, plaintiff appeals.

---

Plaintiff offered the following evidence at trial. On 26 July 1990 at approximately 5:30 p.m., the plaintiff, driving a 1986 Dodge automobile on New Hope Road in Raleigh, North Carolina, approached the intersection of New Hope Road and Louisburg Road. Plaintiff testified that she stopped her vehicle at the intersection in response to a steady red traffic signal light. While plaintiff was stopped, the decedent drove his 1984 Mazda pick-up truck into the rear-end of her vehicle. Plaintiff stated that upon impact, her vehicle moved forward and came to rest about two feet into the intersection. She further stated that traffic was very heavy, visibility was good and the weather was hot and sunny. Plaintiff's vehicle received damage to the left tail light, trunk and bumper.

Shortly after the accident, Officer David R. Simmons of the Raleigh Police Department arrived to investigate the accident and prepare a report. Defendant offered the testimony of Officer Simmons over the plaintiff's objection. Officer Simmons testified that after arriving on the scene, he questioned both parties as to the cause of the accident and prepared a standard automobile accident report on a Department of Motor Vehicles 349 form. No traffic citations were issued to either party and no witnesses were present. He testified, reading from the DMV-349 report, that "vehicle number 2 [plaintiff's vehicle] stopped suddenly, vehicle number 1 [defendant's vehicle] which was directly behind vehicle number 2, was unable to stop and struck vehicle number 2 in the rear." He further testified from the accident report as to "contributing circumstances," that "[f]or driver number 2 [plaintiff], I indicated no violation. [F]or driver number 1, which was Mr. Ray, I indicated failure to reduce

speed." Officer Simmons stated that he had no independent recollection of the accident, "other than what he refreshed by refreshing his memory by reviewing the accident report." He further stated that he did not recall which individual told him what, but that he shared views and opinions regarding how the accident occurred with both parties at the accident scene and neither party objected to his conclusions at that time.

I.

We note initially, that plaintiff sets out four assignments of error in the record, but in her brief presents only two arguments. As a result, the remaining two assignments of error are deemed abandoned pursuant to N.C.R. App. P., Rule 28(b)(5).

[1] By plaintiff's first assignment of error, she contends that the trial judge erred in admitting the testimony of Officer Simmons concerning statements made by the decedent, Patrick John Ray, at the scene of the accident. She argues that the testimony of Officer Simmons was offered "for the truth of the matter asserted" and was therefore inadmissible hearsay pursuant to N.C. Gen. Stat. § 8C-1, Rule 802 of the Rules of Evidence. Defendant asserts in response that Officer Simmons' investigative report was admissible pursuant to N.C. Gen. Stat. § 8C-1, Rule 803(6) of the North Carolina Rules of Evidence as a record of regularly conducted activity and Rule 803(8) as a public record and report. We agree.

This Court addressed this precise issue in *Wentz v. Unifi, Inc.*, 89 N.C. App. 33, 365 S.E.2d 198, *disc. rev. denied*, 322 N.C. 610, 370 S.E.2d 257 (1988), and held that highway accident reports may be admissible as a business records exception to the hearsay rule under N.C. Gen. Stat. § 8C-1, Rule 803(6) of the N.C. Rules of Evidence, "Records of Regularly Conducted Activity," if properly authenticated. To qualify for admissibility, the following requirements must be met:

> [S]uch reports must be authenticated by their writer, prepared at or near the time of the act(s) reported, by or from information transmitted by a person with knowledge of the act(s), kept in the course of a regularly conducted business activity, with such being a regular practice of that business activity unless the circumstances surrounding the report indicate a lack of trustworthiness. Such reports may also be admissible

as "official" reports under Rule 803(8), "Public Records and Reports," if properly authenticated.

*Wentz*, 89 N.C. App. at 39-40, 365 S.E.2d at 201 (citation omitted).

In the subject case, Officer Simmons testified that on the date of the accident, he completed the DMV-349 form based on information received from the two drivers and his own investigation of the accident. Officer Simmons prepared the report during the course and scope of his employment as a police officer and further as a regularly conducted business activity. Officer Simmons testified that he reviewed the accident report with the parties at the accident and neither objected to his conclusions. Subsequent to the accident, Officer Simmons filed the report with his immediate supervisor who in turn filed the report with the records division in the Raleigh Police Department. This testimony by Officer Simmons provided proper authentication and tends to show that the report was sufficiently trustworthy and was therefore admissible under Rules 803(6) and (8) of the North Carolina Rules of Evidence. Plaintiff's first assignment of error is overruled.

II.

[2] In plaintiff's second assignment of error she contends that the trial court erred by instructing the jury on the doctrine of "sudden emergency" on the grounds that the evidence was insufficient to support application of the doctrine. Plaintiff argues that quick traffic stops in heavy traffic are to be anticipated by drivers and therefore cannot create a sudden emergency. We agree.

The doctrine of sudden emergency applies when defendant is confronted with "an emergency situation not of his own making and requires defendant to act only as a reasonable person would react to similar emergency circumstances." *Massengill v. Starling*, 87 N.C. App. 233, 236, 360 S.E.2d 512, 514 (1987), *disc. rev. denied*, 321 N.C. 474, 364 S.E.2d 923 (1988) (citing *Rodgers v. Carter*, 266 N.C. 564, 146 S.E.2d 806 (1966) ). In an emergency situation, defendant is not held to a standard of selecting the "wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated would have been." *Masciulli v. Tucker*, 82 N.C. App. 200, 205-06, 346 S.E.2d 305, 308 (1986) (quoting *Ingle v. Cassady*, 208 N.C. 497, 499, 181 S.E. 562, 563 (1935) ). An "emergency situation" has been defined by our courts as that which "compels [defendant] to act instantly to avoid a collision or injury . . . ."

*Schaefer v. Wickstead*, 88 N.C. App. 468, 471, 363 S.E.2d 653, 655 (1988). For the doctrine to apply, the jury must first find that "in fact a sudden emergency did exist" and second, that "the emergency was in fact not brought on by the negligence of the defendant." *Masciulli*, 82 N.C. App. at 206, 346 S.E.2d at 308-09 (quoting *Lawson v. Walker*, 22 N.C. App. 295, 297, 206 S.E.2d 325, 327 (1974)).

As a general rule, every motorist driving upon the highways of this state is bound to a minimal duty of care to keep a reasonable and proper lookout in the direction of travel and see what he ought to see. *Id.* at 205, 346 S.E.2d at 308. Within this duty is a requirement that the motorist drive and anticipate dangers in a manner consistent with the circumstances and exigencies of traffic. Our North Carolina Supreme Court has stated:

> the law does not require a motorist to anticipate specific acts of negligence on the part of another. It does, however, fix him with notice that the exigencies of traffic may, at any time, require a sudden stop by him or by the motor vehicle immediately in front of him. Constant vigilance is an indispensable requisite for survival on today's highways . . . .

*Beanblosson v. Thomas*, 266 N.C. 181, 187, 146 S.E.2d 36, 41 (1966) (citation omitted). Drivers are therefore required in the exercise of ordinary care to expect sudden stops when driving in heavy traffic. In accord, such stops do not constitute an unexpected or emergency situation.

In the subject case, plaintiff testified that she had come to a complete stop at the traffic signal and that she had been stopped for some period of time when the defendant drove his vehicle into the rear of her vehicle. The testimony of Officer Simmons, which we have determined was properly admitted, tends to show. to the contrary, that plaintiff's car had started and then stopped abruptly. Even when this evidence is viewed in the light most favorable to the defendant, it indicates that he had reason to anticipate, due to the circumstances, that the plaintiff could start moving her vehicle and then suddenly stop again.

The alleged emergency was not sudden, and if an emergency did in fact exist, the evidence indicates that it was brought about, at least in part, due to the defendant's potential failure to keep a proper lookout and failure to reduce his speed in time to avoid an accident. Defendant should not have been given the benefit

IN RE FREEMAN

[109 N.C. App. 100 (1993)]

of an instruction on the sudden emergency doctrine where the evidence was insufficient to support a finding that a sudden emergency did in fact exist. For the foregoing reasons, it was error for the trial court to so instruct the jury and the plaintiff is entitled to a

New Trial.

Judges Eagles and Orr concur.