RICHARD HOLBROOK, Plaintiff v. TOMMY GAYLE HENLEY, Defendant

No. 9418SC417

(Filed 7 March 1995)

**Automobiles and Other Vehicles § 766 (NCI4th)— failure to maintain proper lookout—submission of sudden emergency issue error**

The trial court erred by submitting the issue of sudden emergency to the jury where the evidence tended to show that at the time of the accident the weather was clear, traffic was heavy, and the terrain was relatively flat; defendant had travelled this stretch of highway since the 1960's; plaintiff placed himself in a position from which he was unable to control his vehicle to avoid a collision when confronted with braking cars in his lane of travel; and thus the sudden emergency upon which defendant relied was brought about, at least in part, by his own inattention and failure to maintain a proper lookout.

**Am Jur 2d, Automobiles and Highway Traffic §§ 1117, 1119.**

**Instructions on sudden emergency in motor vehicle cases. 80 ALR2d 5.**

**Modern status of sudden emergency doctrine. 10 ALR5th 680.**

Appeal by plaintiff from judgment signed 6 November 1993 by Judge Thomas W. Seay, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 23 January 1995.

*Max D. Ballinger for plaintiff-appellant.*

*Henson Henson Bayliss & Sue, L.L.P., by Daniel L. Deuterman, for defendant-appellee.*

MARTIN, MARK D., Judge.

The question presented by this appeal is whether the trial court erred by submitting the doctrine of sudden emergency to the jury.

This action arose out of a motor vehicle collision which occurred on 28 March 1989. The site of the collision was U.S. Highway 29

South, near the East Lee Street exit, within the city limits of Greensboro, North Carolina.

The evidence at trial revealed the following: At the time of the accident, plaintiff, Richard Holbrook, and defendant, Tommy Gayle Henley, were operating their vehicles on Highway 29 South. Plaintiff was proceeding in the right hand lane and defendant was proceeding in the left hand lane. The weather was clear and the traffic was heavy.

The terrain was relatively flat with no obstructions to prevent defendant from seeing the cars travelling ahead of him in his lane of travel. When he observed cars in his lane of travel braking, defendant applied his brakes to avoid a collision with the cars ahead of him. While attempting to stop his vehicle, defendant's vehicle slid sideways into plaintiff's lane of travel without warning. Defendant's vehicle struck plaintiff's vehicle in the rear corner panel and knocked it 180 degrees into the guard rail. Defendant testified he had travelled up and down this stretch of Highway 29 since the 1960s.

On 23 February 1992 plaintiff filed his complaint in this action alleging the negligence of defendant was the proximate cause of his injuries and damages. Plaintiff gave notice to his underinsured motorist carrier, the Erie Insurance Group, and the Erie Insurance Group defended in the name of defendant. On 6 May 1992 defendant filed an answer denying plaintiff's allegations. The case was tried during the 1 November 1993 Civil Jury Session of Guilford County Superior Court. Issues of negligence, including an instruction on the sudden emergency doctrine, and damages were submitted to the jury. On 5 November 1993 the jury returned a verdict of no negligence in favor of defendant.

On appeal plaintiff contends the trial court erred by submitting the doctrine of sudden emergency within its instruction on defendant's negligence.

At the outset defendant contends the question of whether the sudden emergency doctrine was properly submitted to the jury has not been preserved for appellate review.

The North Carolina Rules of Appellate Procedure preclude an assignment of error arising from a challenged jury instruction absent an "[objection] thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection," N.C.R. App. P. 10(b)(2), and the "[identification of] the specific portion of the jury charge in question by setting it within

**HOLBROOK v. HENLEY**

[118 N.C. App. 151 (1995)]

brackets or by any other clear means of reference in the record on appeal." N.C.R. App. P. 10(c)(2).

At the charge conference plaintiff specifically objected to the "submission to the jury of the issue in any way of the doctrine of sudden emergency," and later objected to the content of the sudden emergency charge. Likewise, plaintiff specifically referenced this portion of the transcript within his brief and included a copy of the trial court's instruction on the sudden emergency doctrine within the appendix thereto. We believe plaintiff substantially complied with our rules and therefore adequately preserved this question for appellate review.

We now address the merits of the question presented for review. It is well settled that the doctrine of sudden emergency provides a less stringent standard of care for one who, through no fault of his own, is suddenly and unexpectedly confronted with imminent danger to himself or others. As stated by this Court:

> An automobile driver, who, <u>by the negligence of another and not his own negligence</u>, is suddenly placed in an emergency and compelled to act instantly to avoid a collision or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he made neither the wisest choice nor the one that would have been required in the exercise of ordinary care except for the emergency.

*Hairston v. Alexander Tank & Equip. Co.*, 60 N.C. App. 320, 328-329, 299 S.E.2d 790, 795 (1983) (emphasis added) (*quoting Williams v. Jones*, 53 N.C. App. 171, 177-178, 280 S.E.2d 474, 477 (1981)), *rev'd on other grounds*, 310 N.C. 227, 311 S.E.2d 559 (1984).

Significantly, a party cannot by his own negligent conduct permit an emergency to arise and then excuse himself for his actions or omissions on the ground that he was called to act in an emergency. *Brunson v. Gainey*, 245 N.C. 152, 156, 95 S.E.2d 514, 517 (1956). In cases where the defending party requests the instruction on the issue of the defendant's negligence, the evidence must be considered in the light most favorable to the defendant. *E.g., Hunt v. Carolina Truck Supplies, Inc.*, 266 N.C. 314, 317, 146 S.E.2d 84, 86 (1966); *Bolick v. Sunbird Airlines, Inc.*, 96 N.C. App. 443, 448-449, 386 S.E.2d 76, 79 (1989), *disc. review denied*, 326 N.C. 363, 389 S.E.2d 811, *aff'd*, 327 N.C. 464, 396 S.E.2d 323 (1990).

HOLBROOK v. HENLEY

[118 N.C. App. 151 (1995)]

Pursuant to the two-step inquiry recently articulated by this Court in *Keith v. Polier*, 109 N.C. App. 94, 99, 425 S.E.2d 723, 726 (1993), we must first determine whether a sudden emergency did exist, and second whether the emergency was brought about by the negligence of the defendant.

"An 'emergency situation' has been defined by our courts as that which 'compels [defendant] to act instantly to avoid a collision or injury . . . .' " *Keith v. Polier*, 109 N.C. App. at 98-99, 425 S.E.2d at 726 (*quoting Schaefer v. Wickstead*, 88 N.C. App. 468, 471, 363 S.E.2d 653, 655 (1988)). In the instant action defendant noticed cars in his lane of travel were braking, and he applied his brakes to prevent a collision with the cars ahead of him. Clearly, defendant was faced with an emergency situation. Having answered the first question affirmatively, the only remaining inquiry is whether the emergency was brought about, at least in part, by defendant's own negligence.

"As a general rule, every motorist driving upon the highways of this state is bound to a minimal duty of care to keep a reasonable and proper lookout in the direction of travel and see what he ought to see." *Id.* at 99, 425 S.E.2d at 726, *citing Masciulli v. Tucker*, 82 N.C. App. 200, 205, 346 S.E.2d 305, 308 (1986); *Hairston v. Alexander Tank & Equip. Co.*, 310 N.C. 227, 239, 311 S.E.2d 559, 568 (1984). The law requires a motorist to take notice that "the exigencies of traffic may, at any time, [require] a sudden stop by him or by the motor vehicle immediately in front of him. . . . [T]he reasonably prudent operator will not put himself unnecessarily in a position which will absolutely preclude him from coping with an emergency." *Beanblossom v. Thomas*, 266 N.C. 181, 187-188, 146 S.E.2d 36, 41 (1966). Consequently, "[w]here a motorist discovers, or in the exercise of due care should discover, obstruction within the extreme range of his vision and can stop if he acts immediately, but his estimates of his speed, distance, and ability to stop are inaccurate and he finds stopping impossible, he cannot then claim the benefit of the sudden emergency doctrine." *Hairston v. Alexander Tank & Equip. Co.*, 310 N.C. at 239, 311 S.E.2d at 568 (citations omitted). Stated alternatively, "[d]rivers are therefore required in the exercise of ordinary care to expect sudden stops when driving in heavy traffic. In accord, such stops do not constitute an unexpected or emergency situation." *Keith v. Polier*, 109 N.C. App. at 99, 425 S.E.2d at 726.

In *Hairston* the Supreme Court addressed whether the trial court properly refused to submit a sudden emergency instruction to the

jury. In that case an oncoming truck struck a van which had been stopped on a bridge for 90 seconds. 60 N.C. App. at 328, 299 S.E.2d at 794. The van was visible for a quarter of a mile, and could have been seen by the truck driver had he been keeping a proper lookout. The Supreme Court stated that the crucial question in determining the applicability of the sudden emergency doctrine was whether the truck driver, "when approaching the stopped vehicle, saw or by the exercise of due care should have seen that he was approaching a zone of danger." 310 N.C. at 239, 311 S.E.2d at 568. The court found that the evidence, taken in the light most favorable to the party seeking the sudden emergency instruction, was not sufficient to yield any inference that the truck driver faced a sudden emergency not of his own making or to which his own actions did not contribute. *Id.* at 241, 311 S.E.2d at 569. The Supreme Court concluded that, on the contrary, the evidence demonstrated the truck driver did not perceive any "emergency," and "any emergency existing on these facts was of the [truck driver's] own creation," and thus did not support an instruction on the sudden emergency doctrine. *Id.*

In *Bryant v. Winkler*, 16 N.C. App. 612, 192 S.E.2d 686 (1972), this Court addressed whether the trial court properly refused to submit a sudden emergency instruction to the jury. In *Bryant* plaintiff's vehicle was stopped in front of defendant at a narrow bridge, as everyone in the community knew was common practice, and defendant struck plaintiff's vehicle from the rear as plaintiff waited for an oncoming vehicle to clear the bridge. *Id.* at 612-613, 192 S.E.2d at 687. This Court held that defendant's conduct in "failing to bring her automobile under control as she proceeded onto a narrow bridge where two cars were meeting in front of her contributed to whatever emergency arose from the sudden stop by the Bryant vehicle," *Id.* at 613, 192 S.E.2d at 687, and upheld the refusal of the trial court to submit the sudden emergency doctrine to the jury.

Finally, in *Keith v. Polier*, 109 N.C. App. 94, 425 S.E.2d 723 (1993), this Court addressed whether the trial court erred by submitting the sudden emergency doctrine to the jury. In *Polier* the plaintiff had stopped suddenly at a traffic signal, and the defendant, who was directly behind the plaintiff, struck plaintiff's vehicle in the rear. *Id.* at 96, 425 S.E.2d at 725. At the time of the accident the traffic was very heavy, visibility was good and the weather was hot and sunny. *Id.* This Court concluded:

The alleged emergency was not sudden, and if an emergency did in fact exist, the evidence indicates that it was brought about, at least in part, due to the defendant's potential failure to keep a proper lookout and failure to reduce his speed in time to avoid an accident. Defendant should not have been given the benefit of an instruction on the sudden emergency doctrine where the evidence was insufficient to support a finding that a sudden emergency did in fact exist.

*Id.* at 99-100, 425 S.E.2d at 727.

Like the defendants in *Hairston, Bryant,* and *Keith,* defendant here relies on a sudden emergency that was brought about, at least in part, by his own potential inattention and failure to maintain a proper lookout. At the time of the accident, the weather was clear, traffic was heavy, and the terrain was relatively flat. Having travelled this stretch of Highway 29 since the 1960s, defendant nevertheless placed himself in a position from which he was unable to control his vehicle to avoid a collision when confronted with braking cars in his lane of travel.

Having answered the second prong of our inquiry in the negative, we conclude that defendant was not entitled to the benefit of the sudden emergency doctrine. Since plaintiff is entitled to a new trial, we decline to address the remaining assignments of error.

New Trial.

Chief Judge ARNOLD and Judge JOHNSON concur.