GEORGE ALLEN, JR., Plaintiff v. CLYDE HEATH EFIRD, III, and LEAH KARON EFIRD, Defendants

No. COA95-807

(Filed 3 September 1996)

**Automobiles and Other Vehicles § 766 (NCI4th)— wet roads— hydroplaning vehicle—sudden emergency—instruction improper**

The trial court erred in instructing the jury on the sudden emergency doctrine where defendant had been proceeding on wet roads for some time prior to the accident; he applied brakes when he saw a school bus; he hydroplaned, lost control of his car, and hit plaintiff's vehicle; and if defendant thus was confronted with a sudden emergency, he contributed to that emergency by failing to maintain a proper lookout or speed in light of the roadway conditions at that time.

**Am Jur 2d, Federal Tort Claims Act § 97; Negligence §§ 213, 1214.**

**Sudden emergency as exception to rule requiring motorist to maintain ability to stop within assured clear distance ahead. 75 ALR3d 327.**

**Modern status of sudden emergency doctrine. 10 ALR5th 680.**

**Instructions on "unavoidable accident," "mere accident," or the like, in motor vehicle cases—modern cases. 21 ALR5th 82.**

ALLEN v. EFIRD

[123 N.C. App. 701 (1996)]

Appeal by plaintiff from judgment entered 20 January 1994 by Judge J.B. Allen, Jr., in Alamance County Superior Court. Heard in the Court of Appeals 14 May 1996.

On 4 May 1988, defendant Clyde H. Efird, III, ("defendant") drove his vehicle northbound on Birch Bridge Road. As defendant approached a curve, defendant saw a school bus in the oncoming lane of traffic. Defendant testified that he then tried to slow down but the roadway was wet and he hydroplaned losing control of his car in the process. Defendant spun off the road on the right, then came back across the road and missed the school bus but struck plaintiff's vehicle in the oncoming lane of traffic.

Plaintiff filed his complaint on 29 March 1993, and the cause proceeded to trial on 16 January 1995. At trial, the court submitted to the jury the issue of whether the plaintiff was injured by the negligence of defendant Clyde Efird. Pursuant to defendant's request, the trial court also instructed the jury on the doctrine of sudden emergency. Thereafter, the jury returned a general verdict finding that plaintiff was not injured as a result of defendant's negligence.

Plaintiff appeals.

*Alexander Dawson, P.A., by Alexander Dawson, and Hemric & Lambeth, P.A., by H. Clay Hemric, Jr., for plaintiff-appellant.*

*Frazier, Frazier & Mahler, L.L.P., by Torin L. Fury, for defendant-appellees.*

EAGLES, Judge.

The sole issue before us is whether the trial court erred in instructing the jury on the doctrine of sudden emergency. At trial, plaintiff argued that defendant Clyde Efird was negligent *per se* based on his being left of the center line when the accident occurred. Defendant sought an instruction on the doctrine of sudden emergency asserting that he was not negligent in being on the wrong side of the road because he acted reasonably when faced with the sudden emergency of unexpectedly hydroplaning. The trial court agreed and accordingly instructed the jury on the doctrine of sudden emergency.

Plaintiff argues that the trial court's instruction was erroneous because any emergency encountered by defendant was created in part by defendant's own failure to properly control his vehicle. We agree.

ALLEN v. EFIRD

[123 N.C. App. 701 (1996)]

Two conditions must be met before the doctrine of sudden emergency may be applied: (1) "an emergency situation must exist requiring immediate action to avoid injury . . . ," and (2) "the emergency must not have been created by the negligence of the party seeking the protection of the doctrine." *Conner v. Continental Industrial Chemicals, Inc.*, 123 N.C. App. 70, 73, 472 S.E.2d 176, 179 (1996). In the instant case, defendant unexpectedly hydroplaned as he approached a curve opposite an oncoming school bus. The investigating officer testified and defendant agreed that the road remained wet at the time of the accident, although the actual rainfall had recently subsided. The investigating officer identified no defects in the roadway.

"As a general rule, every motorist driving upon the highways of this [S]tate is bound to a minimal duty of care to keep a reasonable and proper lookout in the direction of travel and see what he ought to see." *Keith v. Polier*, 109 N.C. App. 94, 99, 425 S.E.2d 723, 726 (1993). In other words, a person may lose control of his vehicle responding to a sudden emergency, but a defendant may not assert the sudden emergency doctrine as a defense where the sudden emergency was caused, at least in part, by defendant's negligence in failing to maintain the proper lookout or speed in light of the roadway conditions at the time. *E.g., Masciulli v. Tucker*, 82 N.C. App. 200, 206, 346 S.E.2d 305, 309 (1986); *White v. Greer*, 55 N.C. App. 450, 454, 285 S.E.2d 848, 851-52 (1982). Based on this standard, we conclude that the evidence here is insufficient to support an instruction on the sudden emergency doctrine.

A reasonable driver understands that traction is greatly reduced on wet roads and that the wetness of the roadway introduces a certain variable element into the driving equation. Standing alone, evidence that a driver was able to proceed without incident for some time under adverse conditions does not warrant a sudden emergency instruction just because there is evidence that the driver later unexpectedly lost control due to those same adverse conditions. *See, e.g., Holbrook v. Henley*, 118 N.C. App. 151, 154-56, 454 S.E.2d 676, 678-79 (1995). A sudden emergency instruction is improper absent evidence of a sudden and unforeseeable change in conditions to which the driver must respond to avoid injury. *E.g., Colvin v. Badgett*, 120 N.C. App. 810, 812, 463 S.E.2d 778, 780 (1995), *aff'd*, 343 N.C. 300, 469 S.E.2d 553 (1996); *Polier*, 109 N.C. App. at 99, 425 S.E.2d at 726-27.

Here, defendant had been proceeding on wet roads for some time prior to the accident, and defendant makes no assertion that there was any unexpected change in condition for the worse immediately prior to his loss of control. Defendant presents no evidence of a "sudden downpour or sudden change of driving conditions . . . ," *Masciulli*, 82 N.C. App. at 207, 346 S.E.2d at 309, or of "any road condition or highway exigency . . ." arising that he could not have avoided through the exercise of due care. *Weston v. Daniels*, 114 N.C. App. 418, 422, 442 S.E.2d 69, 72, *disc. review denied*, 336 N.C. 785, 447 S.E.2d 433 (1994). The mere fact that defendant lost control under static conditions does not merit a sudden emergency instruction. *See, e.g.*, *Holbrook*, 118 N.C. App. at 154-55, 454 S.E.2d at 678-79. Accordingly, we conclude that the trial court erred in instructing the jury on the sudden emergency doctrine and we reverse the judgment of the trial court and remand the cause for a new trial.

New trial.

Judges WYNN and SMITH concur.