RALPH DAVID BANKS, JR. AND CATHERINE BANKS, PLAINTIFFS/APPELLANTS v. DEBRA ANN McGEE, DEFENDANT/APPELLEE

No. COA95-1274

(Filed 1 October 1996)

**Automobiles and Other Vehicles § 766 (NCI4th)— sudden emergency—defendant not entitled to instruction**

Defendant was not entitled to a sudden emergency instruction where the evidence showed that she lost control of her automobile on a rainy day after striking a puddle of water on the road and that she was aware that water tended to puddle on that road.

**Am Jur 2d, Automobiles and Highway Traffic §§ 421, 1117; Negligence § 1214.**

**Instructions on sudden emergency in motor vehicle cases. 80 ALR2d 5.**

BANKS v. McGEE

[124 N.C. App. 32 (1996)]

**Sudden emergency as exception to rule requiring motorist to maintain ability to stop within assured clear distance ahead. 75 ALR3d 327.**

Appeal by plaintiffs from judgment entered 15 August 1996 in Surry County Superior Court by Judge Judson D. DeRamus, Jr. Heard in the Court of Appeals 27 August 1996.

*Lewis & Daggett, P.A., by Michael J. Lewis and David D. Daggett, for plaintiff-appellants.*

*Canady, Thornton, Brown & Laws, by Robert B. Laws, for defendant-appellee.*

GREENE, Judge.

Ralph David Banks, Jr. (David), and Catherine Banks (Catherine) (collectively plaintiffs) appeal from a jury verdict in favor of Debra Ann McGee (defendant).

The plaintiffs seek damages for injuries sustained by David in an automobile collision which occurred on 28 May 1992 when an automobile driven by the defendant collided with the automobile driven by David. Catherine claims a loss of consortium.

The evidence presented to the jury further reveals that it was raining at the time of the collision and that defendant lost control of her automobile after hitting a "puddle of water" on the road. After hitting the water the defendant's automobile "started hydroplaning, [and] crossed into [the] other lane" and struck David's automobile. The defendant testified that she was aware that "it was rainy" on the day of the collision, that the "roads were slick," and that "water tended to puddle" at different places on the road she was traveling.

At the close of all the evidence, the defendant requested that the jury be instructed to evaluate the defendant's conduct in light of the sudden emergency doctrine. The trial court agreed and instructed the jury that "a person's conduct which might otherwise be negligent in and of itself would not be negligent if it results from a sudden emergency that is not of that person's own making." The jury answered the first issue in favor of the defendant in determining that she was not negligent.

The issue is whether the defendant is entitled to a sudden emergency instruction when she loses control of her automobile on a rainy

**BANKS v. McGEE.**

[124 N.C. App. 32 (1996)]

day after striking a puddle of water on a road when she is aware that water tends to puddle on that road.

"The doctrine of sudden emergency applies when one is confronted with an emergency situation which compels him or her to act instantly to avoid a collision or injury." *Colvin v. Badgett,* 120 N.C. App. 810, 812, 463 S.E.2d 778, 780 (1995), *aff'd,* 343 N.C. 300, 469 S.E.2d 553 (1996). The sudden emergency doctrine is not available to a defendant if the defendant's own negligence or wrongful act caused the emergency in whole or in material part. *Bryant v. Winkler,* 16 N.C. App. 612, 613, 192 S.E.2d 686, 687 (1972). There are two essential elements that must be found to warrant the submitting of a sudden emergency instruction: first, the alleged emergency situation must be unanticipated, and second, the defendant's own negligence arising from an independent source other than the emergency in question must not be a substantial factor in causing the accident. *Keith v. Polier,* 109 N.C. App. 94, 98-99, 425 S.E.2d 723, 726-27 (1993). If there is substantial evidence of these two elements, a sudden emergency instruction is proper. *See State v. Roten,* 115 N.C. App. 118, 122, 443 S.E.2d 794, 797 (1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith,* 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980).

In this case, all the evidence shows that it had been raining on the day of the collision, the defendant was aware that the roads were slick and that water had a tendency to puddle on the road she was traveling. Her automobile did hit a puddle of water causing her to skid into the path of David's automobile. This evidence simply cannot support a conclusion that the defendant's contact with the puddle of water was an unanticipated event. Thus there is no substantial evidence to support submitting the sudden emergency instruction to the jury. In so holding, we reject the argument of the defendant that because she did not see the puddle she was confronted with an unanticipated situation. The question is not what she saw but instead what a reasonable person in her situation should have seen. *See Yokely v. Kearns,* 223 N.C. 196, 198-99, 25 S.E.2d 602, 603-04 (1943); *see also Restatement (Second) of Torts* § 283 (1964).

New trial.

Judges JOHN and MARTIN, Mark D., concur.