GETTY DALE LONG AND DALE A. LONG, PLAINTIFFS v. RON RUSSELL HARRIS, DEFENDANT

No. COA99-454

(Filed 18 April 2000)

## 1. Evidence— habit—driving

The trial court did not abuse its discretion in an action arising from an automobile accident by excluding testimony from plaintiffs' son that he had been home recovering from an injury, that he had observed defendant's driving every day, that defend-

**LONG v. HARRIS**

[137 N.C. App. 461 (2000)]

ant had driven "wide open as usual" the day before the collision, and that defendant had driven the same way on each previous occasion. It cannot be said that the court's ruling was unsupported by reason, given the vague and imprecise nature of the testimony regarding defendant's speed and the witness's potential interest in the outcome. N.C.G.S. § 8C-1, Rule 406.

**2. Motor Vehicles— negligence—collision while avoiding a third vehicle**

The trial court did not err in an action arising from an automobile accident by denying a directed verdict for plaintiffs where, construing all inferences in defendant's favor, the record reflects evidence that a truck suddenly crossed in front of the automobile operated by defendant, causing him to brake and swerve to his right to avoid colliding with that truck, whereupon defendant struck plaintiffs' car as it turned into a driveway. Although plaintiffs presented conflicting evidence as to defendant's speed and opportunity to avoid the collision at issue, defendant's showing permitted the inference that he was not negligent.

**3. Motor Vehicles— negligence—sudden emergency—perception of emergency**

The trial court did not err in an action arising from an automobile collision by instructing the jury on the doctrine of sudden emergency where the evidence was in conflict on whether defendant perceived the emergency circumstance and reacted to it and whether defendant's negligence contributed to the emergency. Furthermore, the jury was properly instructed at length on the doctrine.

**4. Appeal and Error— use of unpublished opinions**

Defendant violated Appellate Rule 30(e) by citing as authority and extensively quoting from an unpublished opinion. While his contentions were reviewed, the unpublished opinion was not considered and counsel are reminded of the explicit provisions of the rule prohibiting the citation of unpublished opinions and their use as precedent.

Appeal by plaintiffs from judgment entered 30 November 1998 by Judge Claude S. Sitton in Burke County Superior Court. Heard in the Court of Appeals 13 January 2000.

*Tippens & Zurosky, L.L.P., by Kirk S. Zurosky, for plaintiffs-appellants.*

*Crosswhite & Crosswhite, P.A., by William E. Crosswhite, for defendant-appellee.*

JOHN, Judge.

Plaintiffs Dale A. Long and Getty Dale Long (Mr. and Mrs. Long) appeal, assigning error to certain aspects of a jury trial resulting in a verdict in favor of defendant Ron Russell Harris. We conclude the trial court committed no error.

Relevant factual and procedural information includes the following: On 22 December 1995, Mrs. Long and defendant were each operating their automobiles in the same direction on U.S. Highway 70 in Burke County. As Mrs. Long conducted a right turn into the driveway of the residence of her son, Gary Long (Gary), defendant's automobile veered off the side of the roadway, jumped the curb, and impacted Mrs. Long's vehicle on the passenger side.

Plaintiffs filed the instant suit 20 November 1996, seeking damages for injuries to Mrs. Long's left ankle, foot, neck and back, and for loss of consortium by Mr. Long. Defendant answered denying negligence and asserting that

> he was confronted with a certain sudden emergency, to which he did not contribute in any manner, when an unidentified motor vehicle pulled into the path of the [d]efendant and in such close proximity to him, whereupon [d]efendant immediately applied his brakes and turned to the right and left the roadway in order to avoid colliding with the vehicle that had pulled into his path of travel, and in so doing, the [d]efendant was unable to avoid colliding with [Mrs. Long's] vehicle . . . .

The case was tried before a jury 18 November 1998. Plaintiffs offered testimony from both Mr. and Mrs. Long and their son, Gary. During Gary's testimony, plaintiffs sought to introduce his observations of defendant's habitual manner of driving. Following a *voir dire* hearing, the trial court rejected the tendered evidence.

At the close of plaintiffs' evidence and again at the close of defendant's evidence, plaintiffs moved for directed verdict pursuant to N.C.G.S. § 1A-1, Rule 50(a) (1999), which motions were denied by the trial court. Over plaintiffs' objections, the trial court instructed

the jury on the doctrine of sudden emergency. The jury returned a verdict in favor of defendant and plaintiffs timely appealed.

[1] Plaintiffs first assign error to the exclusion of Gary's testimony regarding defendant's driving habits. This assignment of error is unfounded.

During the *voir dire* hearing conducted by the trial court, Gary testified he had been at home "every day" recovering from an eye injury during the "previous month before this accident happened," and that he had observed defendant operating his automobile on Highway 70 "every day" from a "picture window facing the road." According to Gary, defendant passed in front of his residence driving "[w]ide open as usual" on the day prior to the collision. Further, defendant had driven the "same way" on each previous occasion.

The North Carolina Rules of Evidence provide that

[e]vidence of the habit of a person . . . . is relevant to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit or routine practice.

N.C.G.S. § 8C-1, Rule 406 (Rule 406) (1999).

[O]ur case law establishes that "habit" may be proven by testimony of a witness who is sufficiently familiar with the person's conduct to conclude that the conduct in question is habitual.

. . . .

. . . Before evidence of . . . conduct may be admitted to prove habit, however, the trial court must . . . determine the reliability and probative value of the proffered evidence.

*Crawford v. Fayez*, 112 N.C. App 328, 332, 335, 435 S.E.2d 545, 548, 549 (1993), *disc. review denied*, 335 N.C. 553, 441 S.E.2d 113 (1994).

Further, whether the proffered evidence is

sufficient to establish habit is a question to be decided on a case-by-case basis, and the trial court's rulings thereon will not be disturbed absent an abuse of discretion.

*Id.* at 335, 435 S.E.2d at 550; *see also State v. Wortham*, 80 N.C. App. 54, 62, 341 S.E.2d 76, 81 (1986) (decision to admit evidence rests in discretion of trial court), *rev'd on other grounds*, 318 N.C. 669, 351 S.E.2d 294 (1987). An

[a]buse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.

*State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

Given the vague and imprecise nature of Gary's testimony regarding defendant's speed (defendant was driving "wide open") and Gary's potential, albeit understandable, interest in the outcome of the case as the son of plaintiffs, we cannot say the trial court's ruling appears "manifestly unsupported by reason or . . . so arbitrary that it could not have been the result of a reasoned decision." *Id.* The court therefore did not abuse its discretion by excluding Gary's testimony on this issue, *see Crawford*, 112 N.C. App. at 335, 435 S.E.2d at 550, and plaintiffs' first assignment of error fails.

**[2]** Plaintiffs next assign error to the trial court's denial of their motions for directed verdict. Originally, plaintiffs also assigned error to the denial of their new trial motion. However, as that point was not argued in plaintiffs' appellate brief, it is deemed abandoned under our Rules of Appellate Procedure (the Rules). *See* N.C.R. App. P. 28(b)(5) ("[a]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned").

Plaintiffs insist the evidence adduced at trial led to "no other possible logical conclusion other than that [defendant] was negligent" in that he operated his vehicle "at a speed that was greater than [wa]s reasonable and prudent under the conditions then existing" and did not "keep a reasonably careful lookout."

The question presented by a motion for a directed verdict is whether the evidence is sufficient to entitle the non-movant to have a jury decide the issue in question.

*United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988). Upon a motion for directed verdict, the evidence must be considered in the light most favorable to the non-movant, resolving all conflicts in the latter's favor, *id.*, and giving to the non-movant "the benefit of all reasonable inferences that may be drawn from that evidence," *Abels v. Renfro Corp.*, 335 N.C. 209, 215, 436 S.E.2d 822, 825 (1993).

Moreover, if there is conflicting testimony that permits different inferences, one of which is favorable to the non-moving party, a

directed verdict in favor of the party with the burden of proof is improper.

*United Laboratories*, 322 N.C. at 662, 370 S.E.2d at 386.

In addition, we note our courts have repeatedly observed that it "is seldom appropriate to direct a verdict in a negligence action," *Stanfield v. Tilghman*, 342 N.C. 389, 394, 464 S.E.2d 294, 297 (1995), particularly in favor of the party with the burden of proof, *see La Notte, Inc. v. New Way Gourmet, Inc.*, 83 N.C. App. 480, 484, 350 S.E.2d 889, 891 (1986) (directed verdicts for party with burden of proof "rarely granted, because there will ordinarily remain in issue the credibility of the evidence"), *cert. denied*, 319 N.C. 459, 354 S.E.2d 888 (1987). Further, "[n]egligence is not presumed from the mere fact of injury." *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 68, 414 S.E.2d 339, 345 (1992).

Review of the evidence adduced at trial in the light most favorable to defendant, *see United Laboratories*, 322 N.C. at 661, 370 S.E.2d at 386, reveals the latter's testimony that he was driving at "[a]bout thirty, thirty-five" miles per hour when suddenly a "truck pull[ed] out . . . [and] swerv[ed] in front of" him. According to defendant, he "turned [his] wheels to keep from hitting it and . . . hit the brakes" and then "hit that curb thing and that's when [he] hit" Mrs. Long. Roger Willis, a witness to the collision, also testified that a truck crossed over Highway 70 just before the accident "quick like he saw somebody coming [and] wanted to speed up and hurry and get across."

Construing all inferences in defendant's favor as we must, *see Abels*, 335 N.C. at 215, 436 S.E.2d at 825, the record thus reflects evidence that a truck suddenly crossed in front of the automobile operated by defendant, causing him to brake and swerve to his right to avoid colliding with that truck, whereupon he struck Mrs. Long's vehicle as she was turning into the driveway of her son's residence. Although plaintiffs presented conflicting evidence as to defendant's speed and opportunity to avoid the collision at issue, defendant's showing permitted the inference that he was not negligent. The trial court therefore properly denied the directed verdict motion of plaintiffs, the party with the burden of proof. *See United Laboratories*, 322 N.C. at 662, 370 S.E.2d at 386; *see also La Notte, Inc.*, 83 N.C. App. at 484, 350 S.E.2d at 891.

**[3]** Lastly, plaintiffs contend the trial court erred by instructing the jury on the doctrine of sudden emergency. We do not agree.

> [T]he doctrine of sudden emergency provides a less stringent standard of care for one who, through no fault of his own, is suddenly and unexpectedly confronted with imminent danger to himself or others.

*Holbrook v. Henley*, 118 N.C. App. 151, 153, 454 S.E.2d 676, 677-78 (1995). For the doctrine to apply, two elements must coincide. First, "an emergency situation must exist requiring immediate action to avoid injury." *Conner v. Continental Industrial Chemicals*, 123 N.C. App. 70, 73, 472 S.E.2d 176, 179 (1996). To satisfy this element, the party asserting the doctrine "must have perceived the emergency circumstance and reacted to it." *Pinckney v. Baker*, 130 N.C. App. 670, 673, 504 S.E.2d 99, 102 (1998). Second, "the emergency must not have been created by the negligence of the party seeking the protection of the doctrine." *Conner*, 123 N.C. App. at 73, 472 S.E.2d at 179.

A sudden emergency jury instruction is properly rendered if substantial evidence on each of the two essential elements of the doctrine has been presented. *Banks v. McGee*, 124 N.C. App. 32, 34, 475 S.E.2d 733, 734 (1996). In determining whether the substantial evidence test has been satisfied, "the evidence must be considered in the light most favorable" to the party requesting the benefit of the instruction. *Holbrook*, 118 N.C. App. at 153, 454 S.E.2d at 678.

Plaintiffs maintain defendant failed to present sufficient evidence on either element of the doctrine, asserting he failed to "perceive the emergency circumstance compelling him to act instantly to avoid a collision" and "by his own negligent conduct created any emergency that may have existed." We address plaintiffs' contentions *ad seriatim*.

Plaintiffs cite *Pinckney* and point to defendant's testimony as supporting their contention he did not "perceive[] the emergency circumstance" he claimed caused the collision at issue. In *Pinckney*, plaintiff Robin Pinckney (Pinckney) sued defendant Joseph Baker (Baker) for injuries resulting from a collision between Baker's vehicle and one operated by Kimi Luces (Luces), in which Pinckney was a passenger. The evidence adduced at trial indicated Luces was attempting to merge in front of Baker into Baker's lane of travel when the vehicles collided.

> According to Baker, the alleged emergency circumstance . . . was the action of Luces in pulling suddenly and unexpectedly in front of Baker's van. However, Baker repeatedly testified he did not see

Luces' vehicle prior to the collision, and that his attention was directed to it *only upon impact.* . . . *[T]he sole indication in the record* is that Baker was unaware of the alleged emergency until the actual collision.

*Pinckney,* 130 N.C. App. at 674, 504 S.E.2d at 102 (citation omitted) (emphasis added). We therefore held the trial court's instruction on the sudden emergency doctrine was improper in that Baker's testimony demonstrated he never "perceived the emergency circumstance" and thus could not have been "react[ing] to it" when the collision occurred. *Id.* at 673, 504 S.E.2d at 102.

Notwithstanding plaintiffs' argument to the contrary, defendant in the case *sub judice* testified he saw "a little Chevrolet, like an S-10," that "pulled out in front of [him]," causing him to "hit the brake and turn[] the wheel." Defendant thus presented evidence indicating he perceived the truck in his path and then reacted to the emergency by applying his brakes and turning his automobile to the right.

Nonetheless, plaintiffs further seize upon a statement by defendant in which he agreed he did not see the truck until "it was right in front of [him and] at no other time." Such circumstance, however, is not equivalent to that in *Pinckney,* wherein the "*sole* indication in the record," *id.* at 674, 504 S.E.2d at 102 (emphasis added), was that Baker did not see the vehicle alleged to have caused the emergency *until the impact* and took *no* evasive action. By contrast, defendant herein presented evidence he indeed saw the truck alleged to have caused the sudden emergency in time to apply his brakes and swerve to avoid colliding with that truck.

Finally, plaintiffs highlight defendant's admission he failed to see *Mrs. Long's* automobile until impact. However, defendant's acknowledgment is irrelevant to whether an instruction on the sudden emergency doctrine was appropriate. Defendant must only have "perceived the emergency circumstance" herein, *id.* at 673, 504 S.E.2d at 102, *i.e.,* the truck which pulled out in front of him. There is no requirement that he must have observed prior to impact *other* vehicles involved in the collision, such as that of Mrs. Long, which in no way contributed to the "emergency circumstance." *Id.*

Plaintiffs also contend the sudden emergency doctrine was inapposite at trial because defendant's "inattention and failure to maintain a proper lookout was a cause in the accident." Specifically, plaintiffs maintain defendant was traveling too fast and should

have seen both the truck and Mrs. Long's vehicle in time to avoid the collision.

Viewing the evidence in the light most favorable to defendant, *see Holbrook*, 118 N.C. App. at 153, 454 S.E.2d at 678, it appears that a truck suddenly crossed in front of defendant's automobile which was traveling at thirty miles per hour, and that a collision would have resulted between the truck and defendant's vehicle but for defendant's quick maneuvering.

> A driver is under no duty to anticipate disobedience of law or negligence on the part of others, but he has the duty to take such action as an ordinarily prudent person would take in avoiding collision with persons or vehicles upon the highway when, in the exercise of due care, danger of such collision is discovered . . . .

*Rouse v. Jones*, 254 N.C. 575, 581, 119 S.E.2d 628, 633 (1961).

> Although

> a party cannot by his own negligent conduct permit an emergency to arise and then excuse himself for his actions or omissions on the ground that he was called to act in an emergency,

*Holbrook*, 118 N.C. App. at 153, 454 S.E.2d at 678, we are not persuaded that "*all* of the evidence . . . show[ed] that [defendant] by his negligence brought about or contributed to the emergency," *Day v. Davis*, 268 N.C. 643, 647, 151 S.E.2d 556, 559 (1966). The issue thus was a "matter[] . . . for jury determination under proper instructions . . . ." *Id.*

In the foregoing regard, we note the trial court's jury instructions correctly charged the jury that the doctrine of sudden emergency would not apply if it found defendant's negligence contributed to the emergency:

> the doctrine of sudden emergency is not applicable to one who, by his own negligence, has brought about or contributed to the emergency.

The court further emphasized that requirement while expounding on the doctrine:

> [A] person who, *through no negligence of his own*, is suddenly and unexpectedly confronted with imminent danger . . . is not

required to use the same judgment that would be required if there was more time to make a decision . . . .

. . . .

. . . [A] person's conduct which might otherwise be negligent in and of itself would be—would not be negligent if it results from a sudden emergency *that is not of that person's own making.*

(emphasis added).

In sum, the evidence was in conflict on the sudden emergency element of whether defendant "perceived the emergency circumstance and reacted to it," *Pinckney*, 130 N.C. App. at 673, 504 S.E.2d at 102, and on the element of whether defendant's negligence contributed to the emergency. Further, the jury was properly instructed at length on the doctrine of sudden emergency. *See Day*, 268 N.C. at 677, 151 S.E.2d at 559. Plaintiffs' final assignment of error is therefore unavailing.

**[4]** Prior to concluding, we are compelled to address a violation by defendant of the Rules. In his appellate brief, defendant cited as authority, and quoted extensively from, an unpublished opinion of this Court filed in 1998.

A decision without a published opinion is authority only in the case in which such decision is rendered and *should not be cited in any other case in any court for any purpose,* nor should any court consider any such decision for any purpose except in the case in which such decision is rendered.

N.C.R. App. 30(e)(3) (emphasis added). An unpublished opinion "establishe[s] no precedent and is not binding authority," *United Services Automobile Assn. v. Simpson*, 126 N.C. App. 393, 396, 485 S.E.2d 337, 339, *disc. review denied*, 347 N.C. 141, 492 S.E.2d 37 (1997).

Compliance with the Rules is mandatory and violation thereof subjects a party to sanctions. *See* N.C.R. App. P. 25(b) (Court may "impose a sanction against a party or attorney or both when the court determines that such party or attorney or both substantially failed to comply with" the Rules). Notwithstanding, we have elected in our discretion pursuant to N.C.R. App. P. 2 to review defendant's contentions herein, but without consideration of the unpublished decision cited in his appellate brief. *See Harris v. Duke Power Co.*, 83 N.C. App. 195, 199, 349 S.E.2d 394, 397 (1986) (Court of Appeals "decline[s] to con-

sider" unpublished opinion cited by party), *aff'd*, 319 N.C. 627, 356 S.E.2d 357 (1987). Nonetheless, we "remind counsel of the [explicit] provisions of [N.C.R. App. P.] 30(e)," *id.*, prohibiting citation of unpublished opinions and use thereof as precedent.

No error.

Judges McGEE and HUNTER concur.