***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Decision and Order.
 ***********
The following documents were introduced at the hearing before the deputy commissioner as:
 EXHIBITS
1. Plaintiffs' Exhibit #1: Various written statements.
2. Plaintiffs' Exhibit #2: Driver's Report of motor Vehicle Traffic Accident.
3. Plaintiffs' Exhibit #3: Incident Report dated June 24, 1999.
 ***********
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. The following essential facts of this civil action are essentially undisputed:
 a. On or about June 22, 1999, Correction Officers at Pender Correctional Institution (hereinafter "Pender Correctional") were transporting ten inmates to Eastern Correctional Institution (hereinafter "Eastern Correctional") for eye examinations.
 b. Correction Officer D. M. Guffey (hereinafter "Officer Guffey") and Correction Officer Nathanel Baunerman (hereinafter "Officer Baunerman") were transporting the inmates.
 c. At approximately 5:30 a.m., Officer Guffey was driving north on Highway 117, some five miles outside of Burgaw, North Carolina. This location is generally rural, flat terrain and the highway accommodates two lanes of travel. The posted speed limit is 55 miles per hour.
 d. At the time of the accident it was dark. The weather conditions on June 22, 1999 were overcast but visibility was not impaired by the weather. The roadway was damp, but it was not raining.
 e. Officer Guffey was operating the defendant's van when a medium size deer unexpectedly entered the roadway from the driver's side of the highway running across the roadway.
 f. Officer Guffey immediately applied the van's brakes and pulled to the right in an attempt to avoid impact but was unsuccessful. The deer struck the van in the front and right quarter panel of the van.
 g. Damage to the van was minimal; consisting of a dent in the front bumper, some damage to the right front side quarter panel and cracking the front turn signal lens. Both Officers inspected the minimal damage and questioned all inmates for reports of injury. No injuries were reported at the scene.
 h. The Officers radioed Pender Correctional to report the accident and seek instructions on returning to Pender Correctional or proceeding to Eastern Correctional. Officials advised the Officers to proceed with their assignment.
 i. The assignment at Eastern Correctional was completed and the officers returned the inmates to Pender Correctional.
 j. As a precautionary measure, medical staff at Pender Correctional examined all of the inmates for injuries. Four of the ten inmates, including the plaintiff in this civil action, reported injuries.
2. The van's windows are covered with wire mesh for security purposes. The wire mesh obstructs the passengers' view. None of the inmates being transported were able to see the deer prior to the collision.
3. Officer Baunerman, who was riding in the right front passenger seat, had an unobstructed view. He testified that he did not see the deer until instantly before impact.
4. The greater weight of the evidence establishes that the deer appeared unexpectedly and could not have been observed until immediately prior to the impact. This finding is supported by the location of the damage to the vehicle, being generally on the right front corner and side of the vehicle.
5. Plaintiff, Timothy Carawan provided the only direct evidence as to the speed of the van immediately prior to impact. He was seated in the first passenger seat directly behind the front passenger seat. He testified that he observed the speedometer "seconds" before the accident and reported the van was traveling 70 miles per hour. Calvin Card testified that the van was traveling "faster than usual" even though he could not estimate the speed and admitted to being "half" asleep at the time of impact.
6. The greater weight of the evidence establishes that Officer Guffey was not traveling above the posted speed limit at the time of the accident. First, damage to the van was minimal, suggesting that the van was not traveling 70 miles per hour. Second, even though the plaintiff generally testified that the van forcefully impacted with the deer, statements made by other inmates in the van impeach that testimony. Kenneth Lamm, who reported no injury, told medical personnel that when the van struck the deer "you could barely feel a bump." Turner Randall, who reported no injury, informed medical personnel that he was asleep at the time of impact but "heard a thump." The report is important for the lack of any report of a forceful impact. Third, plaintiff did not mention traveling at an excessive speed when interviewed by medical personnel and there is no allegation of excessive speed in his Affidavit filed with the Industrial Commission.
7. Officer Guffey's sudden application of the van's brakes dislodged several inmates from their seats. The testimony at trial was uniform that Guffey's application of the brakes and the impact with the deer occurred almost simultaneously. His actions appear reasonable under the circumstances, particularly given the fact that there is no evidence of loss of control over the vehicle veering to the right and coming to a complete stop.
8. Plaintiff was seated in the first passenger row of seats behind the officers. He reported injuries to his knee, neck and back. Plaintiff was actively treated for his problems, including x-rays and a MRI conducted at Central Prison. Plaintiff testified that he has an injury to a cervical disc, but because he was scheduled to be released from prison further treatment was postponed until after release. He testified that he is currently seeing a physician and that the cervical disc will require surgery. No medical reports were introduced into evidence supporting this testimony or the medical costs anticipated for corrective procedures.
 ***********
The forgoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. The driver of a motor vehicle has a duty to remain reasonably observant in their direction of travel to avoid collision with animals on the roadway. Stated differently, the operator will be held to see what ought to have been observed. Johnson v. Heath, 240 N.C. 255 (1954). Officer Guffey was not negligent in failing to see the deer until immediately prior to impact because it was dark at 5:30 a.m. and the deer appeared unexpectedly from the left side of the road running across Officer Guffey's lane of travel. Under these circumstances, it cannot be said that Officer Guffey failed to see what should have been seen in sufficient time to avoid the accident. N.C. Gen. Stat. § 143-291(a).
2. Officer Guffey was not negligent in applying the van's brakes or swerving to the right in an attempt to avoid the collision. Officer Guffey was faced with a sudden emergency. The sudden emergency doctrine requires circumstances that amount to an emergency situation requiring immediate action to avoid injury. The actor must have perceived the emergency circumstance and reacted accordingly. Long v. Harris,137 N.C. App. 461, 528 S.E.2d 633 (2000). A motorist faced with a sudden emergency is not held to the wisest course of action because of the lack of opportunity to reason or reflect. The motorist is held to such choice as a person of ordinary care and prudence under the emergency circumstances would have acted. Allowance must be made for a motorist who is put in peril without fault. Forgy v. Schwartz, 262 N.C. 185,136 S.E.2d 668 (1964). Officer Guffey's immediate application of breaks and directing the van to the right appear entirely appropriate under the circumstances of this case. N.C. Gen. Stat. § 143-291(a).
4. Having concluded that there was no negligence on the part of Officer Guffey, issues related to plaintiff's damages are not addressed.
 ***********
The forgoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim must be and are hereby DENIED.
2. Each side shall pay its own costs.
This the 19th day of March 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN